# The State *v.* Stonewall Insurance Company.

*Assessment of Taxes against Insurance Company.*

89　335|
118　151|

1. *Tax on "capital stock" of private corporation; deduction of amount invested in State bonds.*—The tax imposed by law on the "capital stock" of private corporations (Code, § 453, subd. 9), is a tax on the property of the corporation, and not on its franchises; and though there is an express exception of "such portions of the capital stock as may be invested in property which is otherwise taxed as property," the corporation is entitled to deduct also the amount invested in non-taxable State bonds.

APPEAL from the Circuit Court of Mobile.

Heard before the Hon. WM. E. CLARKE.

In the matter of the assessment of escaped taxes against the Stonewall Insurance Company, for the years 1885-89, both inclusive; the question being the liability of the company for taxes on the amount of its capital stock invested in non-taxable Alabama bonds, as follows: for the year 1885, $68,045; 1886, $67,815; 1887, $112,885; 1888, $109,915; and 1889, $125,085. The transcript of the record was abridged, under rule No. 27 (Code, p. 804), and sets out only the agreed facts, and the judgment of the court making a special finding of these facts as agreed, and judgment thereon for the defendant. It appeared among the agreed facts that the corporation, in December, 1884, went before the board or court of County Commissioners, and claimed a deduction from its capital stock, as assessed for taxation, for the amount invested in Alabama State bonds; and the claim being allowed, the amount invested in such bonds, during each of the subsequent years, was not returned for taxa-

tion.   In August, 1889, the tax-collector of the county, deeming this deduction erroneous, or being so advised, returned the amounts so excepted as property which had escaped taxation, and notified the corporation of his action. The corporation again appeared before the County Commissioners, and claimed exemption as before; but the commissioners decided against it, and assessed the tax as reported by the collector.   There was no dispute as to the facts before the County Commissioners, and the corporation reserved a bill of exceptions to its decision, and took an appeal to the Circuit Court, where judgment was rendered in favor of the corporation.   The same issue was made, in a separate proceeding, as to the taxes for the year 1889.   In addition to the agreed facts, it was admitted that the following should be added to the special finding of facts by the court: "It appears from the books of the tax-assessor of Mobile county, that whenever the shares of banks are assessed in said county, the assessor enters in his book, not only the number of shares into which the capital stock is divided, but also the names of the several shareholders, and the number of shares held by each, with the market value thereof; and that the shares are listed and assessed against the shareholders respectively, and not against the bank.   But the State objects to these facts, as irrelevant."   The judgment of the court is now assigned as error.

. HANNIS TAXLOR, and J. L. SMITH, for appellant.

OVERALL & BESTOR, *contra.*

CLOPTON, J.—The record presents the single issue, whether a private corporation is entitled to deduct from the value of its capital stock, when assessed for taxation, such portion thereof as is invested in bonds of the State, under subdivision 9 of section 453 of the Code, which levies a tax upon "the capital stock of all corporations, companies or associations, created or existing under any law in force in this State, except such portions of the capital stock as may be invested in property which is otherwise taxed as property, the same to be paid by the corporation, company or association; but, when such corporation, company or association pays the taxes in this chapter levied upon the shares into which its capital stock is divided, or the same is paid by the shareholder, such corporation, company or associa-

tion shall only be required to pay the taxes levied on the real and personal estate owned by it, unless its investments are otherwise herein taxed."

A controlling question which presents itself at the outset is, whether the tax levied upon the capital stock is a tax upon the property, or upon the privileges and franchises of the corporation? Appellant insists it is a franchise tax. This insistence is based on the theory, that section 478 prescribes, as the rule for determining the value of the capital stock for the purpose of taxation, the aggregate market value of the shares into which it is divided. If the contention be well founded, the case of *Hamilton County v. Massachusetts*, 6 Wall. 632, and the next two preceding cases in the same volume, apparently support the contention; but a careful examination of the opinion in the case cited above, shows that the conclusion of the court is based on the settled course of decisions of the State court on the Constitution and laws, by which the statute under which the tax is laid was construed as imposing a franchise tax. It is said: "Separated from the peculiar provision of the State Constitution, and the long practice under the original decision, the present decision of the State court upon the subject might well be criticised as founded in unsubstantial distinctions; but, weighed as an exposition of that peculiar clause, and in view of the long practice of the State, commencing long before the prior decision was made, it is not possible to withhold from the conclusion a full and unqualified concurrence." Notwithstanding the course of decisions of the State court, the Chief-Justice and two associated Justices dissented, on the ground that the tax was a tax on property.

But we do not concur in the construction of the section urged by counsel. By it, the president, or other chief officer, is required to return all the taxable property of the corporation, in which return he shall state the market value of the capital stock, the items of property in which it is invested, with the value thereof, and the number of shares into which it is divided, with the par value and actual market value of each of such shares. The primary object of the section is, to prescribe the mode for listing the property of the corporation. The requirements, as to the statements to be made in the return, are evidently intended to furnish the assessor *data*—the elements which largely enter into the market value of the capital stock—from which he may be enabled to form a correct opinion of its assessable value for

22

taxation; not to lay down as an arbitrary and inflexible rule, that the value shall be determined from the aggregate market value of the shares, or of the items of property, or both; the assessor may resort to other information. But, if the construction of the section insisted upon be conceded, nevertheless the purpose is the ascertainment of the market value of the capital stock, according to which the tax is imposed.

Owing to the difficulty of distinguishing between the capital and the property in which it is invested, tests for determining whether a tax is on the property or the franchises, may be regarded, generally, uncertain and unsatisfactory; yet, its determination is often necessary, for if a franchise tax, the property in which the capital is invested becomes immaterial. The usual and most certain test is, whether the tax is upon the capital stock, *eo nomine*, without regard to its value, or at its assessed valuation in whatever it may be invested; if the former, it is a franchise tax; if the latter, a tax upon the property.—*Bank of Commerce v. N. Y. City*, 2 Black, 620. In the *Bank Tax Case*, 2 Wall. 200, it was ruled, that a tax laid on banks, on a valuation equal to the amount of their capital stock paid in, or secured to be paid in, is a tax on the property of the institution, and when that property consists of stocks of the Federal Government, the law levying the tax is void. Our own decision accords with this ruling. In *Maguire v. Board of Revenue*, 71 Ala. 401, STONE, J. says: "But a tax on the capital stock of a bank, whose capital is invested in Government securities not allowed to be taxed, would be a tax on such securities, and illegal."

From the decisions it follows, that the tax levied upon the capital stock of corporations under section 453 is a tax upon the property of the corporation. But there is no need to rely upon judicial construction. The exception in the section of such portions of the capital stock as may be invested in property otherwise taxed as such, was designed to prevent double taxation, which can not occur if the tax is not upon the property of the corporations. The language of the first and general clause of the section is, "for the use of this State, and to raise revenue therefor, there is levied an annual tax of sixty cents [the rate has since been reduced] on each hundred dollars in value, upon the following property." This clause is followed by thirteen separate paragraphs, specifying land, and separate and distinct species of personal property, including the capital stock of corporations, and

closing with the expression, "all other property, real and personal, not otherwise specified herein." This must be regarded as a legislative declaration, that the tax is imposed upon the capital stock of corporations as property, and according to its value.

Regarded as a tax upon property, the question then is, whether, under the revenue law, the corporation is entitled to a deduction from the assessed value of its capital stock of such portion as is invested in bonds of the State. It is contended that no deduction can be made under the statute, except of such portions as may be invested in property otherwise taxed. The argument is, that the capital stock includes everything in which it is invested, and that expressly excepting the portion of its investments in property otherwise taxed is the exclusion of such portions as may be invested in property non-taxable. It may be conceded that such would be the proper construction, if the subdivision be dissociated from the other sections; but all the sections of the revenue law contained in the Code were passed at the same time, and should be construed as continuous sections of the same act, each in harmony with the others, and so as to give effect to each without rendering nugatory any other, if practicable. The general rule, almost universal, in the interpretation of statutes in *pari materia*, is, that the legislative intent, collected from all the statutes relating to the same subject, shall prevail over the letter, especially if, in giving the precise words their ordinary meaning, manifest injustice would ensue.

Section 451 declares, that all bonds of the United States, and of this State, shall be exempt from taxation; and such bonds are also excepted from the tax levied by sub-division 10 of section 453 on "all investments in bonds";—both a general declaration of exemption, and an exception from the special tax on bonds. It will be conceded that the portion of the capital stock invested in taxable bonds is excepted by paragraph 9 of section 453 from the tax on such capital stock, because invested in property otherwise taxed. This is done, as admitted, for the purpose of preventing duplicate taxation. If the portion invested in bonds of this State are not also excepted, duplicate taxation may be the consequence, for, by subdivision 10 of section 453, it is provided, "but all capital invested in bonds or currency which are exempt from taxation shall be liable to be taxed under this section, should such capital, at any time during the year, be reconverted

into money, bonds or property which is taxable, unless it is made to appear that the money, bonds or property, into which reconversion may be made, has been assessed for taxes for such year." Unless a deduction from the assessed value of the capital stock of the portion invested in bonds of the State is allowed, then there exists the anomaly of taxing, in the form of capital stock, investments expressly exempted from all taxation. If a part of the money capital of an individual be invested in State bonds, it will be conceded that such part is not liable to taxation; why then should it be held that the portion of the capital of corporations so invested is taxable, in the face of the constitutional mandate, "the property of private corporations, associations and individuals of the State, shall forever be taxed at the same rate," which includes not merely the technical rate, but also the mode of assessment?—Const. Art. 11, § 6. The sections declaring the exemptions should be regarded as exceptions to the sections specially levying the taxes. Any other construction of the revenue law nullifies the provisions as to the exemptions, discriminates against corporations in the matter of taxation, contrary to the letter of the Constitution, and violates the uniformly observed and maintained policy of the State as to the non-taxability of its bonds,—a policy founded on good morals and public justice and honesty, and to which the State is impliedly pledged. When the revenue laws are considered as constituting an entire and complete system of taxation, the legislative intent, that the portion of the capital stock of corporations invested in bonds of the State should be excepted from the tax, clearly appears, though no precise words of the paragraph levying the tax declare the exception. This construction harmonizes all the provisions and sections of the revenue law, and gives effect and operation to each.

Affirmed.

McCLELLAN, J., not sitting.