# Richmond.

## ALLEN v. COMMONWEALTH, AND JENNINGS v. SAME.

### FEBRUARY 1, 1900.

1. TAXATION—*Corporations—Stockholders.*—A corporation is a legal entity wholly distinct from its stockholders, and its capital stock, franchises, and assets may be taxed, and at the same time a tax may be laid upon the shares of stock in the hands of the individual holders thereof. The stockholders are individually distinct from the corporation, though the aggregate of all the shares constitutes the company, and represents its franchise, capital, and property.

2. TAXATION—*Shares in Non-Resident Corporations.*—A certificate of stock in a non-resident corporation doing business wholly out of this State is no part of the "capital of a business done out of the State," within the meaning of section 8, chapter 342, Acts 1897-'8, page 386, and the same is taxable under said act.

3. TAXATION—*Shares in Domestic Corporations.*—A certificate of stock in a resident corporation doing business wholly in this State constitutes no part of "the capital used by any merchant or manufacturer" in his business, within the meaning of section 8, chapter 342, Acts 1897-'8, page 386, and the same is taxable under said act.

Error to two judgments of the Corporation Court of the city of Lynchburg, rendered June 7, 1899, on the trial of indictments against the plaintiffs in error, respectively, for refusing to list certain stocks for taxation.

*Affirmed.*

The opinion states the case.

*Caskie & Coleman,* for the plaintiffs in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

These two cases were argued and submitted at the same time, and, while they differ somewhat as to their facts, they depend upon the same question of law.

In the first case, Jennings was the owner of certain shares of stock in two corporations engaged in business in the State of West Virginia, where they were chartered, and where all their property is situated; and their capital is actually used and employed in mining coal and the manufacture of coke. All the property of these two companies is taxed in the State of West Virginia upon its value, and each corporation pays an annual license tax to that State. Their real estate is taxed as other real estate in West Virginia, and their other assets as other personal property, and the amount of their capital is ascertained by taking the aggregate value of all the personal property of the company, wherever situated, including money, credits and investments, whether in or out of the State, deducting from said money, credits and investments what they owe to others as principal debtors.

In the case of Allen against the Commonwealth, it appears that he is the owner of certain shares of stock in a domestic corporation engaged in the manufacture of tobacco in the city of Lynchburg; that the entire capital and assets of the company are actually used and employed in its business, and are taxed in the name of the company; that the assets of the corporation consist of lands which are taxed as are other lands of the Commonwealth; that competitors of this company, engaged in the same business in the city of Lynchburg, conduct their business as partnerships, and are taxed accordingly.

It appears that when plaintiffs in error were called upon by the commissioner of the revenue they declined to list the shares of stock held by them as above stated, being advised that they were not liable to taxation under the laws of Virginia. Thereupon they were separately indicted for the alleged offence against the revenue laws of the State, and upon trial were sen-

tenced to pay a fine of $30; whereupon the cases were brought before us upon writs of error.

That a corporation is a legal entity wholly, distinct from its stockholders, and that the capital stock of the company, its franchises, capital and assets may be taxed, and a tax also laid upon the shares of stock in the hands of the individual holders, is established by numerous decisions, and is, we believe, uncontroverted.

The points to be decided, as stated by counsel for plaintiffs in error in his brief, are: First, are shares of stock embraced in the terms " bond, demand or claim " used in the statute; secondly, do the shares in question constitute or represent a part of the "capital" as defined in the act "of a business done out of the State."

The answer to these propositions is to be found by construing the second paragraph of section 8, chapter 342, of an act approved February 14, 1898, Acts of 1897-'8, page 386. The object of that section is to provide how certain personal property, including choses in action, moneys, credits and capital, shall be listed for taxation; and so much of it as is material to the enquiry before us is as follows:

" The said list and statement shall include bonds of railroad and canal companies, bonds of counties, cities, towns, and bonds of other States and corporations, certificates of stock in any incorporated company, bonds of individuals, and all demands and claims, however evidenced, owing or coming to such person, whether due or not, from debtors residing out of or within the State or county, whether secured by deed of trust or by judgments, or not, deducting from the aggregate amount thereof all such bonds, demands, or claims not otherwise deducted, owing to others as such principal debtor, and not as guarantor, endorser, or surety; but not deducting any money that may be due to others on account of the purchase of securities which are non-taxable, nor shall such deduction of indebtedness be made from

stock in any bank or banking institution, such stock being taxed otherwise than under this act, but no bond, demand, or claim, constituting a part of the capital as defined in chapter 1 of this act, of a business done out of this State, or any capital used by any merchant or manufacturer, and taxed under chapter 1 of this act, shall be included in this section."

The contention of plaintiffs in error is that the shares of stock sought to be taxed in their hands do constitute in the Jennings case a part of the capital, as defined in the act, of a business done out of the State, and in Allen's case are a part of the capital of the domestic corporation, and that they are relieved from the burden of taxation by force of the exceptions contained in the statute itself.

We do not think this proposition can be maintained. The list (says the statute) shall include, among other things, "certificates of stock in any incorporated company, bonds of individuals, and all demands and claims, however evidenced, owing or coming to such person, whether due or not, from debtors residing out of or within the State or county." Language could not be more explicit, and leaves no room for construction as to the duty of the commissioner with respect to the shares of stock in question. He was obliged by the letter of the law to list them unless they could be brought within the operation of some one of the exceptions set forth in the statute. There is no claim that there was to be any deduction on account of what might be due to others as principal debtor, but it is asserted with conviction, and maintained most ingeniously, that the stock in question is a demand or claim which constitutes a part of the capital as defined in the act of a business done out of the State in the one case, and in the other is a part of the capital used by a manufacturer in his business. The tax, of course, is laid upon bonds, demands, and claims due to the person whose property is being listed, and the commissioner is, in addition, required to list certificates of stock held by him in any incorporated company,

wherever situated, and whether taxed elsewhere or not; at least, the language is so broad and comprehensive as necessarily to embrace all such companies, and there is no exception in the statute which in any manner confines its operations. The " bonds, demands or claims" which constitute a part of the capital of the company are those due to the company, and they, if taxed, as part of the capital, are relieved from further taxation, because that would be double, and, therefore, unjust taxation, but the shares of stock held by the individual stockholder, as was said at the outset of this opinion, is something wholly distinct from the capital of the company, though it is true that all the shares taken together constitute the company and represent its franchises, capital and property. *Nat'l Bank* v. *Kentucky,* 9 Wall. 353; *Farrington* v. *Tenn.,* 95 U. S. 679; *Pullman Co.* v. *Penn.,* 141 U. S. 18; *People* v. *Coleman,* 126 N. Y. 433; *State Bank of Virginia* v. *Richmond,* 79 Va. 113; *Commonwealth* v. *Charlottesville,* 90 Va. 790; and *Union Bank* v. *Richmond,* 94 Va. 316.

We are of opinion that the shares of stock held by Jennings constitute no part of the "capital of a business done out of this State"; and for like reasons, the shares held by Allen are no part of "the capital used by any merchant or manufacturer" in his business; and, therefore, plaintiffs in error are not within the benefit of any exception or exemption mentioned in the statute; and the judgment in each case must be affirmed.

*Affirmed.*