# Barnes *v.* Moragne.

*Action to Recover Taxes Paid Under Protest to the Tax Collector.*

[DECIDED JULY 6, 1906, 41 So. REP. 947.]

1. *Taxation; Mortgages; Statutes; Repeal.*—The act of 1903 (Gen. Acts, 1903, p. 227) so far as the same relates to subdivision seven of section 3911 of the Code of 1896, repeals said subdivision seven and, in lieu thereof, fixes a privilege tax upon recorded mortgages, but fixes no tax other than this privilege tax upon solvent credits.

2. *Same.*—Money lent, solvent credits, and other credits of value secured by or evidenced by unrecorded mortgages or other instrument, are not subject to taxation under subsection 14 of section 3911 of the Code of 1896.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

This was an action for money had and received, begun by appellee against appellant, as tax collector of Etowah county, seeking to recover taxes assessed against and paid by appellee under protest to appellant as such collector. The facts are that Fannie L. Moragne had upon record in the probate office a certain mortgage for the sum of $6,000, of date June 4, 1900, and due June 4, 1905, upon which the tax assessor of Etowah county levied an *ad valorem* tax, which the said Barnes required to be paid; at the same time executing a receipt showing that the *ad valorem* tax was paid under protest, and after levy, upon the personal property of the said Fannie L. Moragne, for the purpose of selling the same for the enforcement of the taxes on said mortgage—said Fannie L. Moragne insisting that said mortgage was not the subject of taxation, and giving notice at the time of the payment that she would bring suit against the collector for the recovery of the amount paid. It was further shown that taxes had been paid on this mortgage up to

and including the year 1903. There was judgment for plaintiff, and the tax collector appealed.

MASSEY WILSON, Attorney-General, for appellant.

GOODHUE & BLACKWOOD, for appellee. (No briefs from counsel for either party came into the hands of the reporter.)

TYSON, J.—The only question presented for consideration in this case is, whether the provision of the act of 1903, imposing a privilege tax on recorded mortgages (Gen. Acts 1903, p. 227) had the effect of exempting "all moneyed capital; that is all money lent, solvent credits, or other credits of value," etc., from taxation for revenue purposes. Prior to the passage of this act this species of property was expressly made the subject of taxation by the imposition of an *ad valorem* tax levied annually of 55 cents on each hundred dollars in value. Section 3911 of the Code of 1896, and subdivision 7 thereof. The act of 1903 is entitled "An act, to better provide for the revenue of the state," and deals with a number of subjects of taxation which are covered by fourteen subdivisions of section 3911 of the Code of 1896. And indeed, it cannot be doubted that subdivisions 4, 5, and 9 are repealed by the act, since the subject-matters contained in them are fully revised by the latter act. In other words, it is entirely clear that the provisions of the later act relative to those subdivisions were intended to be a substitute for them. It is true that the act of 1903, in amending subdivision 7, does not revise the whole of the subject-matter of that subsection, nor does it in express terms repeal it. In fact, it only provides for a "privilege tax" on recorded mortgages, once for the life of the mortgage, which is in no sense an *ad valorem* tax. And clearly if no mention of subdivision 7 had been made, or the provisions of the act had been enacted by an independent act with no express words of repeal of that subsection, that subsection would not have been repealed by it, since it could not be held to be a revision of it, in such sense as to repeal it by implication. But the lan-

guage of the act of 1903 expressly amends subsection 7, and makes the "privilege tax" on recorded mortgages and other instruments a substitute, in so far as such mortgages are concerned, for the *ad valorem* tax imposed upon them by section 3911 and that subsection. To see that this is true, we need only quote the following language: "That subdivision 7 of section 3911 of the Code of 1896, be amended, and the same is hereby amended so as to read as follows: * * * There shall be no other tax collected upon any such instrument which shall have paid the tax prescribed in this act, either state, county, or municipal." This last clause is a plain expression of the legislative intent to exempt recorded mortgages and other instruments evidencing a debt from an *ad valorem* tax.

But it may be said that this language, or, indeed, the whole language of the act does not show a legislative intent to exempt from taxation "money lent, solvent credits, or other credits of value," not evidenced by recorded mortgages or other recorded instruments. We would be much inclined to this view upon the theory that the Legislature should be saved from the imputation of having established a system of taxation for revenue purposes which should, but does not embrace, every species of property that equitably should bear its proportion of the annual taxes for the support of the government; that it has by indirection exempted property and persons enjoying the protection of the government from contributing to its support and maintenance, and this, perhaps, to the extent of at least one-fourth of the taxable property of the state. But we are precluded from holding this view, because to so hold would render the provision of the act under consideration unconstitutional. For clearly to exempt solvent credits secured by recorded mortgages or other instruments from a property tax and to subject "money lent, solvent credits, and other credits of value" secured by or evidenced by unrecorded mortgages or other instruments, would violate the constitutional requirement as to uniformity.—Section 211 Const. 1901; *State Bank v. Board of Revenue*, 91 Ala. 217, 8 South. 852, and cases there cited. This conclusion is

supported by what was said in *Hooper v. State,* 141 Ala. 111, 37 South. 662. Nor can this constitutional objection be avoided by eliminating the exemption feature of the provision of the act, and leaving the remaining feature of it to stand. It cannot be affirmed that the Legislature would have imposed the "privilege tax" on recorded mortgages and other instruments without exempting them from taxation. Nor can the exemption be declared to be offensive, because not expressed in the title to the act The mandate of the Constitution requiring each law to contain one subject (section 45, Const.) has no application to general revenue bills.

It will not be doubted that the Legislature in the exercise of its authority or power to classify the subjects of taxation may exempt "all moneyed capital; that is, money lent, solvent credits, and other credits of value," from an *ad valorem* tax. These subjects may be well classified as one, but it would be an arbitrary and unjust classification to subject that species of solvent credits which are not secured by recorded instruments to a property tax and exempt those secured by recorded instruments. This, in our opinion, as said above, cannot be constitutionally done. So then, in order to avoid declaring the whole provision of the act unconstitutional, which we must not do if it is possible, we are forced to hold that the Legislature intended the provision as a substitute for subsection 7, and, therefore, intended to exempt all the property enumerated in it from a property tax. Nor can it be held that subdivision 14 of section 3911 fills the chasm. It is undoubtedly true that that subsection was added to prevent an escape to property which should be taxed, and which was not enumerated in the 13 preceding subdivivisions. But if the particular class, if properly enumerated in subsection 7 was and is exempted from an *ad valorem* tax by the provision of the act amending it, which we have been constrained to hold that it does, it is clear that it is not made subject to that tax by subsection 14.

Affirmed.

HARALSON, SIMPSON, and ANDERSON, JJ., concur. WEAKLEY, C. J., and DOWDELL and DENSON, JJ., dissent.