# The State *v.* Sellers & Orum Co.

*Correction of Tax Assessment.*

(Decided July 2, 1907.   44 South. 548.)

*Taxation; Corporation; Assessment; Reduction.*—Section 9 of the General Acts of 1903, p. 187, and section 3911, subd. 7, Code 1896, as amended by the Acts of 1903, p. 227, when construed to-

gether, do not authorize the tax assessor to deduct from the assessed value of the stock of the corporation, the amount of the recorded mortgages given to such corporation, although the privilege tax for recording said mortgages had been paid.

APPEAL from Montgomery Circuit Court. ·

Heard before Hon. J. C. RICHARDSON.

The Sellers & Orum Company applied to the board of revenue of Montgomery county for a deduction in its assessment. The board denying the application, the company appealed to the circuit court, where judgment reducing the assessment was allowed, and the state appeals. Reversed and remanded.

The Sellers & Orum Company is a corporation organized under the laws of Alabama, with a capital stock of $40,000, fully paid in and divided into 400 shares each. The company appeared before the tax assessor of Montgomery county and gave in the shares and stock of said corporation for assessment, and desired to have deducted from the capital stock the sum of $20,000, and for reason therefor set up that $20,000 of the capital stock was invested in mortgages which were recorded in Montgomery and other counties in the state, and on which they had paid the privilege tax of 15 cents per $100. The tax assessor declined to make the deduction, and they filed application with the board of revenue of Montgomery county, sitting as a board of equalization, objecting to the assessment made, and praying that it be corrected by a deduction of the mortgages representing $20,000 of the capital stock. The board of revenue declined to do this, and the corporation appealed to the circuit court, where judgment was rendered allowing the deduction and fixing the assessment at $20,000 for ad valorem tax.

. ALEXANDER M. GARBER, Attorney General, for the State.—No deduction can be allowed not authorized by

statute.—*Jefferson County Savings Bank v. Hewitt*, 112 Ala. 546. Exemptions from taxations are strictly construed.—*Mayor v. Stonewall Co.*, 53 Ala. 720. The statute provides an exemption of recorded mortgages from taxation and if corporations own the property which is exempt from taxation it is well settled that such property cannot be deducted from the assessment of shares made against the individual share holders.—*Maguire v. Board of Revenue*, 71 Ala. 401. The shares are the individual property of the share-holders, and the mortgages are the property of the corporation, and to permit the deduction would be in effect to reduce the assessed value of property owned by the individual; so share-holding corporations not owning mortgages would be taxed at one rate while share-holding corporations owning mortgages would be taxed at a different rate. This would be unconstitutional.—Sections 211 and 217, Constitution 1901; *Spira v. The State*, 41 South. 465 and authorities supra.

C. H. ROQUEMORE, and STEINER, CRUM & WEIL, for appellee.—On appeal in this character of case the trial is de novo and the issue should have been made up between the parties in the circuit court.—*Sullivan v. The State*, 110 Ala. 95. Under section 3911 of the Code of 1896, as amended by the Acts of 1903, and under the provisions of the Acts of 1898-9, p. 46, the deduction asked for should have been allowed.

ANDERSON, J.—After this case reached the circuit court, the state made the issue by averring that the assessment was correct. The appellees then filed a reply, setting out wherein the assessment was incorrect, and that it included all the capital stock, $40,000, and failed to allow a credit for $20,000, represented by mortgages

owned on October 1, 1905, which had been recorded and the tax thereon had been assessed and paid under subdivision 7 of section 3911 of the Code of 1896. The state demurred to the appellee's reply, which was overruled by the trial court, and this action is assigned as error.

Section 9, p. 187, of the Acts of 1903, in providing for the assessment of shares of capital stock in a corporation, authorizes the assessor to deduct from the value of the whole of such shares the aggregate amount or sum at which the real and personal property of the corporation is assessed for taxation. Hence the question is: Were the mortgages owned at the time legally and properly assessed, so as to authorize the deduction of same from the assessment of the shares of the corporation? Subdivision 7 of section 3911 of the Code of 1896 was amended by Acts 1903, p. 227, and the only tax therein placed on mortgages is a privilege tax in case of recordation, and which is in no sense such a tax as would warrant a deduction of the mortgages from the assessed value of the stock of the corporation, upon the theory that they were assessed and taxed as solvent credits. Nor would the fact that a privilege tax for recording authorize a reduction to the extent of said mortgages from the assessment of the stock of the corporation.— *Barnes v. Morange,* 145 Ala. 313, 41 South. 947. Subdivision 7 of section 3911 having been amended by Acts 1903, p. 227, there was no law at the time of the assessment in question providing for an ad valorem tax on mortgages, and the assessor was not authorized to deduct the mortgages from the assessed value of the shares of stock of the corporation, whether the privilege tax for recording same had been paid or not. The trial court erred in not sustaining the state's demurrer to the appellee's reply to the state's declaration. Whether it was necessary for the reply to have been more than a joinder

of issue, we need not decide; but, as it set up the facts to show wherein the assessment was improper, it was subject to the state's demurrer.

Whether the bill of exceptions was signed in time, or not, we need not determine, as we have already disposed of the one legal question involved in this appeal. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.