# *Ex Parte* State, *in re* The State *v.* Lovejoy.

## *Taxation.*

(Decided July 2, 1914.   Rehearing denied July 25, 1914.
66 South. 1.)

*Taxation; Corporate Stock; Exemptions.*—Since under subdivision 9, section 2082, Code 1907, the corporation has a lien upon the shares of stock for the taxes paid thereon, it was the obvious intention of the legislature that the tax should be levied upon the shareholder and not upon the corporation, and notwithstanding section 2082, a shareholder cannot claim exemptions which the corporation is entitled to assert.

CERTIORARI to Court of Appeals.

Application by the state of Alabama for certiorari or other remedial writ to review the decision rendered by

the Court of Appeals in the case of *State of Alabama v. T. E. Lovejoy,* (Mem) 64 South. 1021, to collect on the suit of the state the sum of $157.95 as taxes due by Lovejoy to the state and county upon 1,950 shares of the capital stock of the Alabama Fidelity & Casualty Company. Writ granted, and the decision of the Court of Appeals reversed, and the cause remanded.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The court erred in allowing the exemptions.—*Tarrant v. Bessemer N. Bank,* 61 South. 47; *McGuire v. Bd. of Rev.,* 71 Ala. 413; 3 Wall. 581. These authorities are in conflict with the decision in the case of *Elmwood C. Co. v. Tarrant,* 170 Ala. 459.

JOHN R. TYSON, for appellee. The assessment was made against the stockholders and not against the company, and therefore, it did not comply with subd. 9, § 2082, Code 1907. The spirit, as well as the letter of section 2082 of the Code, give the exemption to the stock holders against taxation of shares held by them, which was clearly allowable to the corporation. The case of *Elmwood C. Co. v. Tarrant,* 170 Ala. 450, is clearly against the contention of appellant. The judgment, therefore, of the Court of Appeals should be sustained. —*State v. Lovejoy,* 64 South. 1021.

ANDERSON, C. J.—Section 2082 of the Code of 1907, subd. 9, provides for the assessment of every share of stock of any corporation therein embraced, and, while the assessment must be made by the officer of the corporation, and the tax is to be paid by the corporation, it was the manifest purpose of the Legislature to levy the tax on the shares of stock and against the holder

thereof, as distinguished from the corporation itself. This section also provides that in arriving at an estimate as to the value of the respective shares so assessed there shall be deducted from the aggregate amount or sum at which the whole of the shares are assessed the aggregate amount or sum at which the real and personal property of the corporation is returned to the tax assessor for taxation, owned by such corporation, and the residue of the value remaining after such deduction shall be the assessed value of the whole of such shares, and such residue, divided by the whole number of shares, shall constitute the value of each share for taxation, and the corporation shall pay for the shareholder the tax assessed against his shares, and the amount so paid for any shareholder shall be a lien on any interest which such shareholder may have in any property owned by the corporation. It is also provided that, if the aggregate value of the shares does not exceed the aggregate value of the real and personal property returned for taxation, then no tax shall be demanded or collected upon the shares.

The tax is therefore levied against the share, and, though paid by the corporation, must necessarily come out of the shareholder in the end, as the corporation is given a lien on the share for the tax paid thereon, and, unless the value of the share exceeds the assessed value of the property returned by the corporation, there can be no assessment or collection against the share. In other words, a liability is fixed against the shareholder and the method of enforcing same is provided.

It will be noticed that the foregoing deduction is the only one authorized by the statue, except as to fire insurance companies owning Alabama bonds. Therefore to authorize a deduction from the shares of the value of the property which may be exempt to the corporation,

in addition to the value of the real and personal property assessed by it, would be an unwarranted interpolation of the statute, and which seems to have been the action of this court in the case of *Elmwood Cemetery Co. v. Tarrant,* 170 Ala. 549, 54 South. 186. We therefore hold that the only deduction authorized by the statute was the amount for which the property of the corporation was assessed for taxation, and not the value of such property as may have been exempt from taxation in favor of said corporation.

The distinction between an assessment against the shares of stock held in a corporation and an assessment against the corporation proper has been generally recognized and regarded by nearly all the courts of the land.—*Tarrant v. Bessemer National Bank,* 7 Ala. App. 285, 61 South. 47; *Maguire v. Board of Revenue,* 71 Ala. 401; *State v. Sellers & Orum Co.,* 151 Ala. 557, 44 South. 548; *Van Allen v. Assessors,* 3 Wall 581, 18 L. Ed. 229. It has also been generally held that this method of taxing the shares of stock without deducting the value of the property which may be exempt to the corporation is in no sense violative of federal or state Constitutions. —*Bradley v. People,* 4 Wall. 459, 18 L. Ed. 433; *Cleveland Trust Co. v. Lander,* 184 U. S. 113, 22 Sup. Ct. 394, 46 L. Ed. 456; *Mercantile Bank v. New York,* 121 U. S. 138, 7 Sup. Ct. 826, 30 L. Ed. 895; *Bank of Commerce v. Tenn.,* 161 U. S. 134, 13 Sup. Ct.. 456, 40 L. Ed. 645; *First National Bank v. Board of Equalization,* 92 Ark. 335, 122 S. W. 988; *Batterson v. Hartford,* 50 Conn. 558; *People v. Bradley,* 39 Ill. 130; *Wright v. Stilz,* 27 Ind. 338; *German-American Bank v. Burlington,* 118 Iowa, 84, 91 N. W. 829; *Home Ins. Co. v. Assessors,* 42 La. Ann. 726, 8 South. 481; *Tremont Bank v. Boston,* 1 Cush. (Mass.) 142; *St. Louis B. & Ass'n v. Lightner,* 47 Mo. 393; *Belo v. Commissioners,* 82 N. C.

415, 33 Am. Rep. 688; *Fox v. Haight,* 31 N. J. Law, 399; *City of Utica v. Churchill,* 33 N. Y. 162; *Providence R. R. Co. v. Wright,* 2 R. I. 459; *Harrison v. Vines,* 46 Tex. 15; *Salt Lake Bank v. Golding,* 2 Utah, 1; *Jennings v. Commonwealth,* 98 Va. 80, 34 S. E. 981.

Section 2083 of the Code of 1907 has no bearing upon the present question, as it makes no attempt to extend exemptions, but merely preserves the ones already given, and, if this was an assessment against one entitled to an exemption, it should be allowed, but, as we have previously demonstrated, this is an assessment against the shareholder, and not against the corporation, and said section 2083 does not attempt to extend the exemption.

In the case at bar the state's counsel concedes that the sum invested by this appellee in stock of other corporations organized in this state and which had been assessed to the corporation was properly deducted, but contend that the sum on deposit and the amount invested in Alabama bonds, while exempt to the corporation from taxation, was improperly deducted in arriving at the assessable value of the shares of stock. We think this contention is sound, and that a deduction of the same was unwarranted by the statute.

The opinion in the case of *Elmwood Cemetery Co. v. Tarrant,* 170 Ala. 549, 54 South. 186, in interpolating into the present statute "exempt," as well as assessed, property, is unsound, and it is expressly overruled. The reason for said interpolation seems to be based upon the case of *State v. Stonewall Insurance Co.,* 89 Ala. 335, 7 South. 753, wherein the assessment was on the capital stock of the corporation and against the corporation, and not upon the shares of stock therein and against the shareholder. In other words, the present statute seems to have been framed so as to avoid the in-

fluence of the opinion in the case of *Stonewall Insurance Co. v. State, supra.*

The Court of Appeals, in affirming the trial court, based its conclusion upon the binding influence of the *Elmwood Case, supra,* and, as that case must be expressly overruled, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration of the cause.

Reversed and remanded. All the Justices concur.


# *Ex Parte* Doak.

## *Mandamus.*

(Decided June 18, 1914. Rehearing denied July 2, 1914.
66 South. 64.)

1. *Judgment; Opening Default; Motion; Taking Under Advisement.*—Under practice acts 1888-9, p. 797, where a motion to open a default judgment was made and heard within thirty days after the entry of the judgment, an entry of an order by the court taking the motion under advisement continued the motion without a formal order of continuance, and authorized the court to determine the motion after the thirty days had expired; there being no reason why the common law order of curia advisari vult may not be employed in the case of motions as well as in respect of causes, since the setting aside of the judgment by default must be done by a formal judgment.

2. *Same; Affidavits on the Merits.*—Where the application was by a city to open a default judgment, an affidavit by the attorney of record for the city that he had caused a full investigation of plaintiff's claim to be made, and that from such examination he was of the opinion that the city had a meritorious defense, and was not liable to plaintiff, was a substantial compliance with the requirements of Acts 1888-9, p. 797, governing proceedings in the circuit court of Jefferson county.

3. *Same.*—Circuit Court Rule 11, as to proceedings in the Circuit Court of Jefferson County is supersedead by the provisions of Acts 1888-9, p. 797, so far as specifying what the affidavit on an application to reopen a default judgment in such court, shall contain.

4. *Same; Discretion of Court.*—It is within the sound discretion of the circuit court to set aside a default judgment, when satisfied that an injustice has been done, or that it has been inadvertently or improvidently entered, and its decision thereon is not revisable on appeal unless abuse is shown.