## STATE v. BIRMINGHAM TRUST & SAVINGS CO.

6. Div. 683.

Supreme Court of Alabama.
May 16, 1935.

Rehearing Denied June 20, 1935.

A. A. Carmichael, Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

John S. Coleman and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

BOULDIN, Justice.

The tax collector of Jefferson county, on advice from the Attorney General's office, made demand on Birmingham Trust & Savings Company, a state banking corporation, for a sum claimed to be due as an unpaid balance of taxes due upon assessment of its shares of stock for taxation for the tax year, October 1, 1931, to September 30, 1932.

The bank made payment under protest, and sues for a refund on the ground that no such tax was lawfully due.

The case was tried on an agreed statement of facts. From a judgment for plaintiff, the state appeals.

The case is admittedly governed by section 6 of the General Revenue Act of 1923, General Acts 1923, pp. 152, 161, 162, § 6.

Pursuant to statute, the bank made return to the tax assessor, with copy to the state tax commission of the data prescribed by statute for the purpose of assessing the shares for taxation.

In due course the bank and the tax authorities agreed on an assessment fixing the full reasonable market value of the shares, the reasonable market value of real estate and improvements thereon, and the furniture and fixtures belonging to the bank and assessed for taxation (Ex parte State [State v. Lovejoy], 188 Ala. 401, 66 So. 1); deducted the one from the other; and 60 per cent. of the residue was fixed as the value of the shares for taxation.

Such assessment was duly filed and entered on the tax record.

The tax so assessed was duly paid.

Likewise a return was duly made to the tax assessor of the real estate, furniture, and fixtures subject to taxation.

The board of review fixed the tax value of this tangible property, and the bank, not satisfied with such valuation, appealed from such assessment to the circuit court, where the tax value of such tangible property was reduced to a sum $107,361 below the valuation of such tangible properties as fixed and used by way of deduction in making assessment of the shares.

The state, insisting that the final valuation of the tangible properties on appeal fixed also the deduction to be made from the value of the shares in ascertaining the residue, upon which the shares are assessed, claimed an unpaid balance of taxes due on assessment of the shares equal to the reduction in tax value of the tangible property. Hence this suit.

Both sides agree that the assessment of shares and the assessment of tangible properties are distinct and separate assessments, the one against the shareowner, the other against the bank as owner of the tangible properties.

Indeed, the state's case rests upon the finality of the fixation of the reasonable market value of the shares, but, in effect, would hold open the assessed value of the shares for a final adjudication of the assessed value of the tangible properties as fixing the deduction to be made.

We think the statute clear and complete; we see no occasion for protracted argumentation as to its meaning. It looks to a separate and final assessment of the shares, fixing of record the tax values thereof, with the sum due to be paid by the several owners, which,

794

for convenience, is paid in one sum by the bank on their behalf. It is this completed assessment roll which constitutes the judgment upon which the collection of the tax is authorized. State v. Doster-Northington Drug Co., 196 Ala. 447, 448, 71 So. 427.

The fixation of the market value of the shares and fixation of the market values of the tangible properties are elements in the one assessment by the same tax officials, leading, by a deduction of the one from the other, to a fixation of the tax values of the shares as the completed assessment.

This tax value is not a per centum of the full market value of the shares, but a per centum of the residue in value. Deduction of the reasonable market value of the tangible properties is not merely permitted as of grace. It is a law declared right, essential to the fixation of an assessment on the shares.

Expressly the statute requires that the value of tangible properties shall be considered one of the elements of value in the fixation of the market value of the shares. Being separately assessed and taxed as the property of the bank, it is deducted from the value of the shares to the end there be no double taxation of the same elements of value, to be ultimately reflected in the stockholders' dividends.

Obviously a reduction in the value of tangible properties on appeal does not imply that the shares were assessed too low. It rather implies that the full market value of the shares was put too high by reason of overvaluation of the tangible properties as an element thereof. A deduction on a like valuation would leave the residue unaffected. The residue of share values, the basis of their assessment, is therefore not involved on an appeal from the assessment of tangible properties.

If the state's contention be sustained, it would seem to follow that, if the value of tangible properties was increased on appeal, this would automatically lower the residue of share values as a basis for their assessment. Neither taxpayer nor tax collector would know what was due to be paid on the shares until the value of tangible properties was finally adjudicated.

There was no error in the ruling of the trial court.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.