49 So.2d 182

**STATE v. SOUTHEASTERN METALS CO., Inc.**

**8 Div. 474.**

Supreme Court of Alabama.

Oct. 12, 1950.

Rehearing Denied Dec. 14, 1950.

A. A. Carmichael, Atty. Gen., and Gardner F. Goodwyn, Jr., and H. Grady Tiller, Asst. Attys. Gen., for appellant.

Peach, Caddell & Shanks, of Decatur, for appellee.

LIVINGSTON, Justice.

This is an appeal by the State from a decree of the Circuit Court, in Equity, of Morgan County overruling a demurrer to the original bill of complaint filed by appellee in pursuance of an appeal from a final assessment made by the State Department of Revenue against the shares of capital stock of appellee corporation. In substance the bill shows that: On December 22, 1947, the Southeastern Metals Company, Inc., a domestic corporation, filed with the tax assessor and with the State Department of Revenue its tax return for assessment of shares of domestic corporation. To this return there was attached several documents, all of which were identified as Exhibit "B". These exhibits consisted of what is referred to in the bill of complaint as "Sheet 1 of 3 sheets," "sheet 2 of 3 sheets", and "sheet 3 of 3 sheets", together with an affidavit of exemptions signed for the corporation by its secretary, John A. Caddell, and sworn to by him before a notary public.

The document referred to hereinabove as "sheet 1 of 3 sheets" describes property located at taxpayer's plant No. 1 and consists of typewriters and other equipment and machinery used in the taxpayer's manufacturing plant and other personal property, all of which was claimed by the taxpayer to be exempt in its affidavit. "Sheet 2 of 3 sheets" describes other personal property located at taxpayer's plant No. 2 and consists of typewriters and other office equipment and machinery used in manufacturing, etc., all of which was claimed as exempt from State, county and municipal taxes, as reflected by affidavit of exemptions. And "sheet 3 of 3 sheets" describes a house and lot located in Decatur, Alabama, which the Board of Equalization assessed at $600 for the tax year 1948, and which is not claimed as exempt.

Based on this return the State Department of Revenue, on June 9, 1948, made and entered a final assessment on the shares of stock issued by said corporation. According to this assessment the State Department of Revenue ascertained the total value of all the shares of stock to be in the amount of $300,398. From this sum there was deducted the value of motor vehicles in the amount of $11,398, leaving $289,000 as the total value of all shares of stock remaining for assessment. Sixty percent of said sum is $173,400 and from this amount there was deducted the assessed value of the real estate in the sum of $600, leaving a residue of total value of stock for assessment in the amount of $172,800, to which amount the Department of Revenue assessed for taxation the shares of stock issued by said domestic corporation.

In the return made for the assessment of shares of stock the corporation, acting therein by and through its secretary, the said John A. Caddell, agreed to pay the tax assessed against the shares of stock in said corporation. The taxpayer was dissatis-

fied with this assessment and appealed therefrom to the Circuit Court of Morgan County and gave notice in all respects as required by the statute and likewise executed cost and supersedeas bonds. In due course, the taxpayer filed in the office of the register of Morgan County its bill of complaint. The documents hereinabove referred to were attached as Exhibit "B" to the bill of complaint and made a part thereof. The taxpayer finds no fault with the total assessed value of the shares of stock as found by the Department of Revenue but does insist that the department should have allowed as a deduction the value of the property reflected by sheets marked "sheet 1 of 3 sheets" and "sheet 2 of 3 sheets" in the amount of $96,000 and states in the bill of complaint in paragraph 5 thereof, as follows: "The only question intended to be presented by this appeal is whether or not the appellant (taxpayer) is entitled to have deducted from the assessed value of its shares the said sum of $96,-000.00, being the value of its property listed on its ad valorem tax return sheets numbered 1 and 2."

The taxpayer insists that the property reflected by said "sheets 1 and 2 of 3 sheets" in the amount of $96,000 should, notwithstanding the fact that the taxpayer claimed it as exempt from ad valorem taxation and the exemption claimed was allowed by the tax assessor or the Board of Equalization under and pursuant to section 10, Title 51, Code of 1940, be deducted from the total assessed value of the shares of stock. In this report, the taxpayer sets out its contentions, as follows: "Appellant contends that the exemptions provided in section 2 of Title 51 of the Code are different from those provided in section 10 and that a different rule applies and that it was the manifest intent of the legislature that the exemptions provided under section 10 should be obtained by returning the property for taxation and then claiming the exemption, so that the property is actually 'assessed' for taxation as contemplated by section 25 of Title 51, and that under the law the amount so assessed and as finally determined by the Board of Equalization should be deducted from sixty percent of the total value of all the shares in arriving at the residue total value of stock for assessment."

The bill of complaint, as last amended, also alleges that the assessment is discriminatory and in violation of the Federal and State Constitutions, and particularly section 217 of the Constitution of 1901 of Alabama. Demurrers to the bill as last amended were interposed and overruled.

The Southeastern Metals Company, Inc., is a corporation, incorporated in Morgan County, Alabama, and is engaged exclusively in the operation of two factories or manufacturing plants, manufacturing aluminum products.

Section 10, Title 51, Code, provides: "All factories and manufacture plants manufacturing calcium cyanamide (lime nitrogen) aluminum or aluminum products shall be exempted from state, county and municipal taxation for ten years after the beginning of the construction of such plant or factory. The exemption provided herein shall apply solely to the factory or plant and to the personal property used therein or connected therewith in the manufacturing of said articles; but shall not apply to the land upon which such factory or plant is located."

The bill of complaint, as aided by the exhibits attached thereto and referred to more in detail in the statement of facts hereinabove, clearly shows that the taxpayer claimed as exempt from taxation to it under section 10, supra, all the property reflected by its return, except real estate of the value of $600: such property being valued at $96,000. Said property was used by the taxpayer in manufacturing aluminum products and was clearly exempt to the corporation under section 10 from ad valorem taxation. Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484.

There is no controversy between the parties with respect to the allowance of this property as being exempt from ad valorem taxation. The taxpayer claimed said property as exempt from taxation in its affidavits, and the taxing authorities allowed said exemption, said taxing authorities having written the word "exempt" on each of the copies of the return made by the tax-

payer to the tax assessor. However, notwithstanding the fact that this property was never assessed by the Board of Equalization or Morgan County for taxation, the taxpayer insists that the value thereof should be deducted from the total assessed value of all the shares of stock.

The assessment of the shares of stock is against the individual shareholders and not against the corporation. This is made clear by said section 25, Title 51, Code of 1940, which levies the tax in question. Such section, so far as here pertinent, provides: "Every share of any domestic corporation, * * * shall be assessed and the taxes thereon collected in the county wherein such corporation has its home or chief office in the state, and shall be assessed at sixty percent of its value to the person in whose name such shares stand on the books of the corporation and not to the corporation. * * * Such corporations shall at the same time make a tax return sworn to by its president or manager, to the department of revenue and to the county tax assessor, on forms prescribed and furnished by the department of revenue, of all taxable property, real and personal, situated in the state and owned by such corporation, and the department of revenue after passing on the value of the shares of the capital stock shall fix the value of all the shares of said corporation and shall take sixty percent thereof which shall be the assessed value of the shares of said corporation. * * * After the assessed value of all the shares has been passed on and determined the department of revenue shall deduct from the total (assessed) value of such shares the assessed value of the real and personal property of the corporation as shown by such tax return by the corporation or finally determined and the value of the residue remaining after deducting the assessed value of the real and personal property as finally determined shall constitute the assessment against the shares of such corporation, and such residue divided by the whole number of shares shall constitute the assessment of each share for taxation. * * * Provided, however, that if any property owned by a corporation which property is subject to taxation in this state is omitted from the tax return filed by said corporation, the same shall be assessed as an escape item or items of taxation in the same manner as escaped property of individuals and the value of such omitted property shall not be deducted from the value of the shares of stock of the corporation as assessed for taxation. * * * If the aggregate assessed value of the shares does not exceed the aggregate assessed value of the real and personal property of the corporation, then no tax shall be demanded or collected on the shares. * * * It shall be no ground for objection to such assessment of shares that the same is entered upon the assessment book in the name of the corporation."

Notwithstanding these provisions of the statute, the taxpayer insists that the mere listing of the property on its return and the claiming of it as exempt, and the allowance of the claim, constitute such an assessment as is referred to by the legislature in section 25, Title 51, Code of 1940.

A similar question to the one here involved was before this Court in the case of Ex parte State, 188 Ala. 401, 66 So. 1, not pertinently different from section 25, supra. That case drew a distinction between the property of the corporation and the property of the individual shareholders as represented by their shares. Being so persuasive, if not entirely controlling, on the case at bar, we quote from it at length, as follows:

"Section 2082 of the Code of 1907, subd. 9, provides for the assessment of every share of stock of any corporation therein embraced, and, while the assessment must be made by the officer of the corporation, and the tax is to be paid by the corporation, it was the manifest purpose of the Legislature to levy the tax on the shares of stock and against the holder thereof, as distinguished from the corporation itself. This section also provides that in arriving at an estimate as to the value of the respective shares so assessed there shall be deducted from the aggregate amount or sum at which the whole of the shares are assessed the aggregate amount or sum at which the real and personal property of the corpora-

tion is returned to the tax assessor for taxation, owned by such corporation, and the residue of the value remaining after such deduction shall be the assessed value of the whole of such shares, and such residue, divided by the whole number of shares, shall constitute the value of each share for taxation, and the corporation shall pay for the shareholder the tax assessed against his shares, and the amount so paid for any shareholder shall be a lien on any interest which such shareholder may have in any property owned by the corporation. It is also provided that, if the aggregate value of the shares does not exceed the aggregate value of the real and personal property returned for taxation, then no tax shall be demanded or collected upon the shares.

"The tax is therefore levied against the share, and, though paid by the corporation, must necessarily come out of the shareholder in the end, as the corporation is given a lien on the share for the tax paid thereon, and, unless the value of the share exceeds the assessed value of the property returned by the corporation, there can be no assessment or collection against the share. In other words, a liability is fixed against the shareholder and the method of enforcing same is provided.

"It will be noticed that the foregoing deduction is the only one authorized by the statute, except as to fire insurance companies owning Alabama bonds. Therefore to authorize a deduction from the shares of the value of the property which may be exempt to the corporation, in addition to the value of the real and personal property assessed by it, would be an unwarranted interpolation of the statute, and which seems to have been the action of this court in the case of Elmwood Cemetery Co. v. Tarrant, 170 Ala. 459, 54 So. 186. We therefore hold that the only deduction authorized by the statute was the amount for which the property of the corporation was assessed for taxation, and not the value of such property as may have been exempt from taxation in favor of said corporation.

"The distinction between an assessment against the shares of stock held in a corporation and an assessment against the corporation proper has been generally recognized and regarded by nearly all the courts of the land. Tarrant v. Bessemer National Bank, 7 Ala.App. 285, 61 So. 47; Maguire v. Board of Revenue, 71 Ala. 401; State v. Sellers & Orum Co., 151 Ala. 557, 44 So. 548; Van Allen v. Assessors, 3 Wall. [573] 581, 18 L.Ed. 229. It has also been generally held that this method of taxing the shares of stock without deducting the value of the property which may be exempt to the corporation is in no sense violative of federal or state Constitutions. Bradley v. People, 4 Wall. 459, 18 L.Ed. 433; Cleveland Trust Co. v. Lander, 184 U. S. [111], 113, 22 S.Ct. 394, 46 L.Ed. 456; Mercantile Bank v. New York, 121 U.S. 138, 7 S.Ct. 826, 30 L.Ed. 895; Bank of Commerce v. Tenn., 161 U.S. 134, 16 S.Ct. 456, 40 L.Ed. 645; First National Bank v. Board of Equalization, 92 Ark. 335, 122 S. W. 988; Batterson v. Town of Hartford, 50 Conn. 558; People v. Bradley, 39 Ill. 130; Wright v. Stilz, 27 Ind. 338; German American Bank v. Council of City of Burlington, 118 Iowa 84, 91 N.W. 829; Home Ins. Co. v. Board of Assessors, 42 La. Ann. 1131, 8 So. 481; Tremont Bank v. City of Boston, 1 Cush., Mass., 142; St. Louis B. & S. Ass'n v. Lightner, 47 Mo. 393; Belo v. Forsyth County Commissioners, 82 N.C. 415, 33 Am.Rep. 688; Fox v. Haight, 31 N.J.L. 399; City of Utica v. Churchill, 33 N.Y. [161] 162; Providence R. R. Co. v. Wright, 2 R. I. 459; Harrison v. Vines, 46 Tex. 15; Salt Lake Bank v. Golding, 2 Utah 1; Jennings v. Commonwealth, 98 Va. 80, 34 S.E. 981.

"Section 2083 of the Code of 1907 has no bearing upon the present question, as it makes no attempt to extend exemptions, but merely preserves the ones already given, and, if this was an assessment against one entitled to an exemption, it should be allowed, but, as we have previously demonstrated, this is an assessment against the shareholder, and not against the corporation, and said section 2083 does not attempt to extend the exemption.

"In the case at bar the state's counsel concedes that the sum invested by this appellee in stock of other corporations organized in this state and which had been assessed to the corporation was properly de-

ducted, but contends that the sum on deposit and the amount invested in Alabama bonds, while exempt to the corporation from taxation, was improperly deducted in arriving at the assessable value of the shares of stock. We think this contention is sound, and that a deduction of the same was unwarranted by the statute.

"The opinion in the case of Elmwood Cemetery Co. v. Tarrant, 170 Ala. 459, 54 So. 186, in interpolating into the present statute 'exempt,' as well as assessed, property, is unsound, and it is expressly overruled. The reason for said interpolation seems to be based upon the case of State v. Stonewall Insurance Co., 89 Ala. 335, 7 So. 753, wherein the assessment was on the capital stock of the corporation and against the corporation, and not upon the shares of stock therein and against the shareholder. In other words, the present statute seems to have been framed so as to avoid the influence of the opinion in the case of Stonewall Insurance Co. v. State, supra.

"The Court of Appeals, in affirming the trial court, based its conclusion upon the binding influence of the Elmwood case, supra, and, as that case must be expressly overruled, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration of the cause."

It will be observed that in the case just quoted from the Court specifically overruled the case of Elmwood Cemetery Co. v. Tarrant, 170 Ala. 459, 54 So. 186.

In the case of Tarrant v. Bessemer National Bank, 7 Ala.App. 285, 61 So. 47, 50, the Court of Appeals had before it the question of whether or not bonds of the State of Alabama claimed by the taxpayer as exempt, and allowed, should have been deducted from the amount which the shares of its capital stock should be assessed. In construing a statute similar to section 25, supra, the Court of Appeals said:

"Code of Alabama, § 2082, subd. 8, hereinbefore set out, as will appear from only a casual reading of it, taxes only the real estate of the bank, and does not tax at all its personal property. If it does not tax any of its personal property, then it certainly does not tax any of the exempt bonds held by it; and appellee's contention is without merit. It is true that the section taxes the shares of stock in the bank; but it does so upon an assessment against the shareholder, and on the theory that these shares are not the property of the bank, but the property of the shareholders, respectively, as individuals. In the assessment of these shares against the shareholders, they are by the state statute allowed a deduction for the real estate assessed against the bank; but this is a matter of legislative grace * * *.

"To this end, and to the end of securing adequate revenue for the state, the Legislature has denied the shareholders the grace of permitting any personal property of the bank (all of which, we have seen, is exempt from taxation) from being deducted from the value of the shares assessed against the shareholder. If such were permitted, it would clearly be double exemption, so far as state or national bonds owned by the banks are concerned; exempted in the first instance to the bank, along with all its other personal property, and then exempted again by allowing the shareholders a reduction to the amount of their value on the shares assessed against such shareholders. * * *

"Under said subdivision 9, § 2082, the corporations therein assessed, which are all other domestic corporations than banks, are not required to pay taxes on any of their exempt property, whether real or personal, but only on their taxable property; hence they therein also clearly get the benefit of all state laws exempting state bonds or other property from taxation; and to allow the shareholder, in assessing his shares for taxation, deduction for the value of such property exempted to the corporation would be to allow its exemption twice, once to the corporation, and again to the shareholders. Realizing this, the Legislature in said subdivision denied, in express terms, the shareholders (except, for special reasons, shareholders in fire insurance companies) the right to have deducted, from the value of the shares as assessed against them, the value of any property owned by the corporation, except its taxable property. This statute entirely

changes the law, as it was in subdivision 9 of section 453 of the Code of 1886, as construed by Judge Clopton in State v. Stonewall Fire Ins. Co., 89 Ala. 335, 7 So. 753, and with the evident design to prevent the allowance to shareholders, on assessment of the shares against them, of deduction from their value, for the value of exempt property owned by the corporation and exempted to it. This design was properly and successfully accomplished."

Section 719 of 51 Amer.Jur. page 663 states the law with respect to the question now under review, as follows: "A stockholder has no constitutional right to a deduction from the valuation of the shares in his hands for the purposes of taxation on account of real estate in which part of the capital of the corporation is invested and on which it pays taxes. In some states, however, the statutes providing for the taxation of shares of stock expressly require a deduction of the value of the real estate owned by the corporation and subject to local taxation. In such cases it is the assessed and not the actual value of the real estate which is deducted. Deduction may be allowed on account of real estate owned by the corporation and necessary for the convenient transaction of business, including furniture and fixtures."

The United States Supreme Court has held many times that shareholders of a national bank are not entitled to have deducted from the total value of their shares the exempt securities of the United States. See, Des Moines v. Fairweather, 263 U.S. 103, 44 S.Ct. 23, 68 L.Ed. 191; Van Allen v. Assessors, 3 Wall. 573, 18 L.Ed. 229.

The taxpayer argues that to be exempt under the provisions of section 10, supra, the property must first be assessed. In support is cited the case of Perry County v. Selma, Marion & Memphis R. R. Co., 58 Ala. 546, where the Court said: "Assessment is quasi-judicial and consists in making out a list of the taxpayer's taxable property, and fixing its value or appraisement.—Hilliard on Taxation 290. Taxable property is here used in its broad sense and embraces all subjects of taxation on which a tax has been levied by the law-making power."

The argument is in effect that the property is first "assessed" and then claimed as exempt, as distinguished from property exemptions not required to be listed; and that, therefore, the property was assessed for taxation, and though no taxes were paid thereon its assessed value should be deducted in a final determination of the assessment against the corporate shares of capital stock. We cannot agree that the intent of the legislature, as reflected in section 25, supra, was to allow as a deduction from the total assessed value of all of the shares of capital stock any real or personal property except such as was assessed for *taxation* to the corporation and the taxes paid thereon.

For the reasons pointed out, the trial court was in error in overruling the State's demurrer to the bill of complaint.

Reversed and remanded.

BROWN, LAWSON, and SIMPSON, JJ., concur.