### No. 2154.—STATE OF LOUISIANA v. GEORGE A. FOSDICK.

The act of the Legislature of 1855, authorizing the imposition of a license tax of one thousand dollars on each insurer or insurance company not chartered by the State, and only im-poses a license tax of five hundred dollars on each insurance company chartered by the laws of the State, is not in conflict with that provision of the constitution which requires that taxation shall be equal and uniform. 10 An. 402.

An agent of a foreign corporation domiciliated and doing business in this State, cannot invoke the inhibiting clauses of the Constitution of the United States against acts of the Legislature which it is alleged discriminate between citizens of this State and those of the other States of the Union.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. H. C. Dibble,* for plaintiff and appellee. *Randolph, Singleton & Brown,* for defendant and appellant.

WYLY, J. The defendant has appealed from a judgment against him for the amount of his license as insurance agent for the year 1868.

He avers that the act of the 15th March, 1855, authorizing said license tax, is unconstitutional, unequal, unjust and oppressive. That it imposes a license tax of $1000 on each insurance company or insurer not chartered by this State, and only $500 on each insurance company in-corporated by the laws of this State. He contends that this distinction is made between these two classes in violation of article 118 of the Constitution, and that as agent of the Queen's Insurance Company of Liverpool and London he is aggrieved by this unjust discrimination.

The constitutionality of this law was examined by this court in the cases of the State *v.* Ogden, and the State *v.* Lathrop, 10 A. 402, where it was held that the Constitution has not deprived the Legislature of the power of dividing the objects of taxation into classes; it merely requires that the burden be equal upon all those included in the same class. " That the class of insurance offices liable to the thousand dollar tax under the statute in question is entirely different from that which is liable to the five hundred dollar tax. If this State has thought fit to recognize foreign charters of incorporations to the extent of permitting foreign corporations to transact business in their corporate name, through agents within our limits, the Legislature had the undoubted right to attach what conditions it thought fit to the privilege."

It might have permitted the insurance companies incorporated under the laws of this State, and have excluded entirely the agents of foreign corporations, and all others.

It imposes an equal burden upon the agents of all the foreign insurance companies, and the defendant is not subjected to any greater ·license than others belonging to the same class.

It does not discriminate between the citizens of this State and those of other States, as the defendant alleges, giving the former greater privileges and immunities than the latter; but if it did, the defendant, as agent of an English corporation, cannot invoke the inhibitory clause of the Constitution of the United States in relation thereto. The citizens of all classes are permitted to pursue the occupation of insuring by incorporating themselves into companies for that business under the laws of this State, and by paying a license of $500, or they can pursue the occupation by paying a license of $1000 without incorporating under the laws of this State.

The statute presents two conditions, upon complying with either of · which citizens or foreigners can pursue the insurance business in this. State.

After carefully considering the printed argument filed by the defendant, we are unable to perceive any sufficient reason to depart from the decisions in the State v. Ogden and the State v. Lathrop, 10 A. 402, where, under the same state of facts as now presented, the statute in question was held to be constitutional.

It is therefore ordered that the judgment appealed from be affirmed with costs.