[The State v. Alabama Fuel & Iron Co.]

# The State *v.* Alabama Fuel & Iron Co.

## *Assessment of Back Taxes.*

(Decided July 25, 1914.  66 South. 169.)

1. *Taxation; Statutes; Classification; Money and Taxes.*—The Revenue Law providing for a tax for recording mortgages, deeds of trust, or written contracts of conditional sale, and providing that no ad valorem tax shall be collected on any such instrument, or the debts thereby secured, after such recording tax has been paid, but also levying an ad valorem tax on all moneys lent solvent credits, or credits of value, except such as are secured by mortgage, deed of trust, or written conditional contract of sale on which a recording tax has been paid, is not violative of section 211, Constitution 1901; the legislature having full power to classify for taxation moneys and credits secured by written instruments and other solvent credits not so secured.

2. *Same.*—The constitutional limitation requiring property to be assessed in proportion to value is designed to secure uniformity and equality of enforcement of the ad valorem system of taxation, and to prohibit arbitrary and capricious modes without reference to value, but it does not require that all property be taxed, nor prohibit exemption from taxation or such classifications of property as are not purely arbitrary, capricious or without semblance of reason.

3. *Same.*—A legislative classification of property for taxation will not be set aside by the court unless it is not only oppressive in its operation, but its inequality is so glaring that it can be judicially declared to be founded on arbitrary and capricious principles, without semblance of reason.

(Anderson, C. J., dissenting.)

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON, H. A. SHARPE, JOHN H. MILLER, and JOHN C. PUGH.

Action by the State of Alabama against the Alabama Fuel & Iron Company.  Judgment for defendant, and plaintiff appeals.  Reversed and remanded.

This is an appeal by the state of Alabama from a judgment of the city court of Birmingham dismissing an assessment levied against the defendant for escaped taxes for the tax year beginning October 1, 1913.  The proceedings were instituted by the tax commissioner of

Jefferson county, Ala., who reported an assessment of escaped taxes to the board of revenue of Jefferson county, Ala., against the Alabama Fuel & Iron Company, upon the latter's solvent credits owned on October 1, 1913, and valued at $45,000.

The proceedings were instituted under section 2260 and section 2151 of the Code of 1907. The case was heard, by consent, by the board of revenue, and the assessment confirmed. The defendant appealed to the city court of Birmingham, and in that court the state filed a statement or declaration setting up the proceedings before the tax commissioner and board of revenue, and asserting that the assessment was correct. The defendant demurred to the declaration or statement filed by the state, on the ground that solvent credits are not subject to assessment under the present laws of the state, upon the theory that paragraph "I" of subdivision 7 of section 2082 of the Code of 1907 is unconstitutional and void, upon the althority of *Barnes v. Moragne,* 145 Ala. 313, 41 South. 947.

Paragraph "I" of subdivision 7 of section 2082 of the Code of 1907, and above referred to, is as follows: "All money lent, solvent credits, or credits of value, except such as are secured by mortgage, deed of trust, or written contract of conditional sale, upon which a tax imposed by law has been paid."

No other point or question of procedure, jurisdiction, or description, was presented by the demurrer, which was sustained by the city court. The state of Alabama declined to amend, and judgment was rendered for the defendant. From that judgment the state appeals, and assigns as error the judgment of the court below, sustaining the demurrer to the declaration.

The amount of the tax involved, based upon an assessment of $45,000, and estimated on the basis of $2.35,

[The State v. Alabama Fuel & Iron Co.]

that being the combined state, county, and municipal rate, exceeds $1,000. The appeal is, accordingly, returnable to the Supreme Court.

FORNEY JOHNSON, for the State. The power of the Legislature over all matters is plenary and unlimited, except as expressly restricted by the state and federal Constitutions. This applies to every method of taxation, whether upon an ad valorem or other revenue basis, or upon privileges or occupations.—*Hare v. Kennerly,* 83 Ala. 608, 3 South. 683; *State v. Street,* 117 Ala. 203, 23 South. 807; *W. U. Telegraph Co. v. State Board,* 80 Ala. 273, 60 Am. Rep. 99; *M. & S. H. R. R. Co. v. Kennerly,* 74 Ala. 566; *Moog v. Randolph,* 77 Ala. 597; *State v. Skeggs,* 154 Ala. 249, 46 South. 268; *Swann & Billups v. Kidd,* 79 Ala. 431; *Auditor v. Jackson County,* 65 Ala. 142; *State v. Birmingham Southern R. R. Co.,* 62 South. 77; *Capital City Water Co. v. Board of Revenue,* 117 Ala. 303, 23 South. 970; *Mefford v. Sheffield,* 148 Ala. 543, 41 South. 970; *Alabama Gold Life Ins. Co. v. Lott,* 54 Ala. 499; *People v. Ronner,* 185 N. Y. 285, 77 N. E. 1061; *Connolly v. Union Sewer Pipe Co.,* 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; *W. W. Cargill v. Minnesota,* 180 U. S. 452, 21 Sup. Ct. 423, 45 L. Ed. 619; *Cook v. Marshall Co.,* 196 U. S. 268, 25 Sup. Ct. 233, 49 L. Ed. 473; *Armour Pkg. Co. v. Lavy,* 200 U. S. 226, 26 Sup. Ct. 232, 50 L. Ed. 451; *Southwestern Oil Co. v. Texas,* 217 U. S. 114, 30 Sup. Ct. 496, 54 L. Ed. 688.

The provisions of the Alabama Constitution do not require equality or unformity, nor that taxes should be levied either in proportion to value or at the same rate; the exception being that property declared to be the subject for annual ad valorem taxes must be assessed in proportion to value.—*Hooper v. State,* 141 Ala. 111, 37 South. 662; *W. U. Telegraph Co. v. Board,* 80 Ala. 273,

60 Am. Rep. 99; *Proenix, etc., Co. v. Montgomery,* 117 Ala. 646; 23 South. 843, 42 L. R. A. 468; *Kidd v. Alabama,* 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 669; *Sturges v. Carter,* 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240; *Moog v. Randolph,* 77 Ala. 597; *Common Council of Detroit v. Rentz,* 91 Mich. 78, 51 N. W. 787, 16 L. R. A. 59; *Southwestern Oil Co. v. Texas,* 217 U. S. 114, 30 Sup. Ct. 496, 54 L. Ed. 688; *New York ex rel. Hatch v. Reardon,* 204 U. S. 152, 27 Sup. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736; *Ala. Gold Life Ins. Co. v. Lott,* 54 Ala. 499, 507; 37 Cyc. 728; *State v. Trav. Ins. Co.,* 73 Conn. 255, 47 Atl. 299, 57 L. R. A. 481; *State v. Birmingham So. R. R. Co.,* 62 South. 77.

Neither section 211, Constitution of Alabama, nor the provisions of the fourteenth amendment, or the "pursuit of happiness" clause of the state Constitution, requires equality of taxation. On the contrary, the courts declare that exact equality is unattainable and undesirable, and, further, that horizontal levies would be oppressive.—*Mich. Cent. R. R. Co. v. Powers,* 201 U. S. 245, 26 Sup. Ct. 459, 50 L. Ed. 744; *State of N. Y. ex rel. Hatch v. Reardon,* 204 U. S. 152, 27 Sup. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736; *People v. Ronner,* 185 N. Y. 285, 77 N. E. 1061; *Hooper v. State,* 141 Ala. 111, 37 South. 662; *State Bank v. Board of Revenue,* 91 Ala. 217, 8 South. 852; *Common Council of Detroit v. Rentz,* 91 Mich. 78, 51 N. W. 787, 16 L. R. A. 59; *Moog v. Randolph,* 77 Ala. 597.

The Legislature has the power to exempt any class or item of property from taxation, and to declare what property shall be the subject of ad valorem or annual property taxes, and, as distinguished from ad valorem taxes, to provide that any class of property or thing of value shall be subjected to a revenue tax levied upon a flat basis, or upon any rate which may be determined by

the Legislature; section 211 applying only to ad valorem or property taxes, and not to special or registration or license taxes, even when levied for revenue.—37 Cyc. 735, 736; *Bidwell v. Coleman*, 11 Minn. 78 (Gil. 45); *Daughdrill v. Ala. Life Ins. Co.*, 31 Ala. 91; *State v. Birmingham Southern R. R. Co.*, 62 South. 77; *W. U. Telegraph Co. v. Board*, 80 Ala. 273; 60 Am. Rep. 99; *Phoenix, etc., Co. v. Montgomery*, 117 Ala. 631, 23 South. 783, 42 L. R. A. 468; *Clerk r. Port of Mobile*, 67 Ala. 217; *City Council of Montgomery, Ex parte*, 64 Ala. 464; *Hooper v. State*, 141 Ala. 111, 37 South. 662; *State Bank v. Board of Revenue*, 91 Ala. 223, 8 South. 852; *N. Y. ex rel. Hatch v. Reardon*, 204 U. S. 152, 27 Sup. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736; *Mich. Cent. R. R. Co. v. Powers*, 201 U. S. 245, 26 Sup. Ct. 459, 50 L. Ed. 744; *Nicol v. Ames*, 173 U. S. 509, 19 Sup. Ct. 522, 43 L. Ed. 786; *Otis v. Parker*, 187 U. S. 606, 23 Sup. Ct. 168, 47 L. Ed. 323; *W. W. Cargill v. Minnesota*, 180 U. S. 452, 21 Sup. Ct. 423, 45 L. Ed. 619; *Cook v. Marshall Co.*, 196 U. S. 268, 25 Sup. Ct. 233, 49 L. Ed. 473; *Armour Pkg. Co. v. Lacy*, 200 U. S. 226, 26 Sup. Ct. 232, 50 L. Ed. 451; *Southwestern Oil Co. v. Texas*, 217 U. S. 114, 30 Sup. Ct. 496, 54 L. Ed. 688; *Home Life Ins. Co. v. N. Y.*, 134 U. S. 594, 10 Sup. Ct. 593, 33 L. Ed. 1025; *Wisconsin Cent. Ry. Co. v. Taylor County*, 52 Wis. 37, 8 N. W. 833; *Chicago & N. W. v. State*, 128 Wis. 553, 108 N. W. 561; *Clement Nat. Bank v. Vermont*, 231 U. S. 120, 34 Sup. Ct. 31, 58 L. Ed. ——; *Kidd v. State*, 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 669; *Moog v. Randolph*, 77 Ala. 597; *Mobile v. Stonewall Ins. Co.*, 53 Ala. 570.

The power to classify is necessary to avoid oppressive results, and is subject only to the limitations imposed by the state and federal Constitutions. These limitations prohibit only those classifications which can be supported on no rational hypothesis.—*W. W. Cargill*

*v. Minnesota,* 180 U. S. 452, 21 Sup. Ct. 423, 45 L. Ed. 619; *Cook v. Marshall County,* 196 U. S. 268, 25 Sup. Ct. 233, 49 L. Ed. 473; *Armour Pkg. Co. v. Lacy,* 200 U. S. 226, 26 Sup. Ct. 232, 50 L. Ed. 451; *Am. Sugar Ref. Co. v. Louisiana,* 179 U. S. 89, 21 Sup. Ct. 43, 45 L. Ed. 102; *Southwestern Oil Co. v. Texas,* 217 U. S. 114, 30 Sup. Ct. 496, 54 L. Ed. 688; *People v. Ronner,* 185 N. Y. 285, 77 N. E. 1061; *Mutual Benefit, etc., v. Martin County,* 104 Minn. 179, 116 N. W. 572; *Hooper v. State,* 141 Ala. 111, 37 South. 662; *State Bank v. Board of Revenue,* 91 Ala. 217, 8 South. 852; *Clement Nat. Bank v. Vermont,* 231 U. S. 120, 34 Sup. Ct. 31, 58 L. Ed. ——; *Kennamer v. State,* 150 Ala. 74, 43 South. 482; *Griffith v. Connecticut,* 218 U. S. 563, 31 Sup. Ct. 132, 54 L. Ed. 1151; *Mutual Loan Co. v. Martell,* 222 U. S. 225, 32 Sup. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 529; *Moog v. Randolph,* 77 Ala. 597; *Pocahontas Consol. Collieries Co. v. Commonwealth,* 113 Va. 108, 73 S. E. 446; *W. U. Telegraph Co. v. Board,* 80 Ala. 273; 60 Am. Rep. 99; *Mefford v. Sheffield,* 148 Ala. 539, 41 South. 970; *Ala. Con. v. Herzberg,* 177 Ala. 248, 59 South. 305; 37 Cyc. 746; *Mark v. D. C.,* 37 App. D. C. 563, 37 L. R. A. (N. S.) 440; *Farmers' & Mechanics' Savings Bank v. Minnesota,* 232 U. S. 516, 34 Sup. Ct. 354, 58 L. Ed. ——; *Mobile v. Dargan,* 45 Ala. 310.

A classification will be sustained, not only when based on an inherent natural distinction, but where it is expedient for the state to make distinctions, based on considerations of public policy, or expediency, or adaptability to the method or object involved.—*Mutual Benefit, etc., Co. v. Martin County,* 104 Minn. 179, 116 N. W. 572; *State ex rel. v. Fitzgerald,* 117 Minn. 195, 134 N. W. 728; *People v. Ronner,* 185 N. Y. 285, 77 N. E. 1061; *Mich. Cent. R. Co. v. Powers,* 201 U. S. 245, 293, 26 Sup. Ct. 459, 50 L. Ed. 744; 761; *Otis v. Parker,* 187 U. S.

606, 23 Sup. Ct. 168, 47 L. Ed. 323; *N. Y. v. Reardon*, 204 U. S. 152, 27 Sup. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736; *Nicol v. Ames*, 173 U. S. 509, 19 Sup. Ct. 522, 43 L. Ed. 786; *Union Trust Co. v. Detroit*, 170 Mich. 692, 137 N. W. 122; *Hooper v. State*, 141 Ala. 111, 37 South. 662; *State Bank v. Board of Revenue*, 91 Ala. 217, 8 South. 852; *Clement Nat. Bank v. Vermont*, 231 U. S. 120, 34 Sup. Ct. 31, 31 $7 L. Ed. ——; *Commonwealth v. Delaware Division Canal Co.*, 123 Pa. 594, 16 Atl. 584, 2 L. R. A. 798.

The right to tax all classes of solvent credits and all species of moneyed capital, with or without the allowance of a deduction for indebtedness, has been universally sustained.—*Hooper v. State*, 141 Ala. 111, 37 South. 662; *Jeff. Co. Sav. Bk. v. Hewitt*, 112 Ala. 546, 553, 20 South. 926; *Ala. Gold L. Ins. Co. v. Lott*, 54 Ala. 499; *Farmers' & Mechanics' Sav. Bk. v. State*, 232 U. S. 516, 34 Sup. Ct. 354, 58 L. Ed. ——; 37 Cyc. 783; *Kentucky & Louisville Mut. Ins. Co. v. Commonwealth*, 153 Ky. 824, 156 S. W. 897, 45 L. R. A. (N. S.) 597; *Detroit v. Lewis*, 109 Mich.. 155; 66 N. W. 958, 32 L. R. A. 439; *Kingsley v. Merrill,* 122 Wis. 185, 99 N. W. 1044, 67 L. R. A. 204, 2 Ann. Cas. 748; *Standard Marine Ins. Co. v. Board of Assessors*, 123 La. 717, 49 South. 483, 29 L. R. A. (N. S.) 59; *Mutual Benefit Ins. Co. v. Martin County*, 104 Minn. 179, 116 N. W. 573; *Moog v. Randolph*, 77 Ala. 597; 606; *Sayre v. Pollard*, 77 Ala. 608; *Boyd v. Selma*, 96 Ala. 144, 148, 11 South. 393, 16 L. R. A. 729.

The right to tax mortgages, either upon an ad valorem or other revenue basis, or by a tax upon the privilege of registration, has been uniformly sustained.—*State ex rel. Trust Co. v. Still*, 62 South. 534; *Augusta Bk. v. Augusta*, 36 Me. 255; *Ala. Gold Life Ins. Co. v. Lott*, 54 Ala. 499; *Appeal Tax Court v. Rice*, 50 Md. 302; *Gold-*

*gart v. People,* 106 Ill. 25; *People v. Ronner,* 185 N. Y. 285, 77 N. E. 1061; *Union Trust Co. v. Detroit,* 170 Mich. 692, 137 N. W. 122; *Mutual Benefit Ins. Co. v. Martin,* 104 Minn. 179, 116 N. W. 572; *State v. Fitzgerald,* 117 Minn. 192, 134 N. W. 728; *State v. Farmers' Bank,* 114 Minn. 95, 130 N. W. 445; *State v. Sellers & Orum Co.,* 151 Ala. 557, 44 South. 548; *Jeff. Co. Sav. Bank v. Hewitt,* 112 Ala. 546, 20 South. 926; *Farmers' & Mechanics' Sav. Bk. v. Minnesota,* 232 U. S. 34 Sup. Ct. 354, 58 L. Ed. ——; *Savings & Loan Society v. Multnomah Co.,* 169 U. S. 421, 18 Sup. Ct. 392, 42 L. E. 803; 37 Cyc. 786; 37 Cyc. 756; *Saville v. Railway Co.,* 114 Va. 444, 76 S. E. 954; *People ex rel. Cooper Union v. Gass,* 190 N. Y. 323, 83 N. E. 64, 123 Am. St. Rep. 549, 13 Ann. Cas. 678; *People v. Trust Co. of America,* 208 N. Y. 463, 102 N. E. 578; *Union Trust Co. v. Common Council,* 170 Mich. 692, 137 N. W. 122; *Economy Power Co. v. Daskam,* 174 Mich. 402, 140 N. W. 466; 35 Cyc. 787. The taxation of credits secured by recorded mortgages, as distinguished from credits secured by unrecorded instruments, and as distinguished from unsecured credits, rests upon a rational basis, and is within the legislative power, although the sole tax levied is a tax upon the privilege of registration.—*People v. Ronner,* 185 N. Y. 285, 77 N. E. 1061; *Mutual Benefit Life Ins. Co. v. Martin County,* 104 Minn. 179, 116 N. W. 572; *State v. Fitzgerald,* 117 Minn. 192, 134 N. W. 728; *Union Trust Co. v. Detroit,* 170 Mich. 692; 137 N. W. 122; *State v. Sellers & Orum Co.,* 151 Ala. 557, 44 South. 548; *Home Sav. Bank v. Des Moines,* 205 U. S. 503, 517, 27 Sup. Ct. 571, 51 L. Ed. 901, 909; 37 Cyc. 787 (cited cases note 49); *People v. Gass,* 206 N. Y. 609, 100 N. E. 404; *Economy Power Co. v. Daskam,* 174 Mich. 402, 140 N. W. 466; *People v. Trust Company,* 208 N. Y. 463, 102 N. E. 578; *Pocahontas, etc., Co. v. Commonwealth,* 113 Va.

108, 73 S. E. 446; *Saville v. Railroad Co.*, 114 Va. 444;
76 S. E. 954; *Clement Nat. Bank v. Vermont*, 231 U. S.
120, 34 Sup. Ct. 31, 58 L. Ed. ——; *Berea College v.
Kentucky*, 211 U. S. 45, 29 Sup. Ct. 33, 53 L. Ed. 81;
*State ex rel. Cont. Tr. Co. v. Still*, 62 South. 534; *Hepburn v. School Directors*, 23 Wall. 480, 23 L. Ed. 112;
*Mercantile Nat. Bank v. New York*, 121 U. S. 138, 7
Sup. Ct. 826, 30 L. Ed. 895, 900; *Fox's Appeal*, 112 Pa.
337, 4 Atl. 149; *Bell's Gap R. Co. v. Pennsylvania*, 134
U. S. 232, 10 Sup. Ct. 533, 33 L. Ed. 892; *Simpson v.
Hopkins*, 82 Md. 478, 33 Atl. 714; *Chicago & N. W. Ry.
Co. v. State*, 128 Wis. 553, 108 N. W. 557; *Firemen's
Ins. Co. v. Com.*, 137 Mass. 80; *State v. Runyon*, 41 N. J.
Law, 98; *Common Council v. Board, etc.*, 91 Mich. 78,
51 N. W. 787, 16 L. R. A. 59; *State, et al. v. Darcy, et
al.*, 51 N. J. Law, 140, 145, 16 Atl. 160, 2 L. R. A. 350;
*People v. Smith*, 88 N. Y. 576, 585; *Savings & Loan Society v. Multnomah Co.*, 169 U. S. 421, 18 Sup. Ct. 392,
42 L. Ed. 803; 1 Cooley on Taxation (3d Ed.), 272, 273;
*Kidd v. Alabama*, 188 U. S. 730, 23 Sup. Ct. 401, 47 L.
Ed. 669; *Common Council of Detroit v. Board*, 91 Mich.
78, 51 N. W. 787, 16 L. R. A. 59; *Kennamer Case*, 150
Ala. 74, 43 South. 482; *W. U. Telegraph Co. v. State*,
80 Ala. 278, 60 Am. Rep. 99; *Jeff. Co. Sav. Bank v.
Hewitt*, 112 Ala. 546, 20 South. 926; *Orr. v. Sutton*, 119
Minn. 193, 137 N. W. 973, 42 L. R .A. (N. S.) 146; *State
ex rel. Winona Motor Co. v. Minn. Tax Com.*, 117 Minn.
159, 134 N. W. 643; *McConaughy v. Secretary of State*,
106 Minn. 392, 119 N. W. 408; *State v. Parr*, 109 Minn.
147, 123 N. W. 408, 134 Am. St. Rep. 759; *Mechanics'
Bank v. Tax Com.*, 156 App. Div. 343, 141 N. Y. Supp.
473; *Id.*, 209 N. Y. 526, 102 N. E. 1106; *Title Guarantee,
etc., Co. v. Frifenhagen*, 156 App. Div. 854, 141 N. Y.
Supp. 1044; *Id.*, 209 N. Y. 569, 103 N. E. 1131; *Staples
v. East St. Paul State Bank*, 122 Minn. 419, 142 N. W.

721; *First State Bank v. Hayden,* 121 Minn. 45, 140 N. W. 134; *Lake Street Bank v. Ekstrand,* 112 Minn. 412, 128 N. W. 455; *Mason v. Fichner,* 120 Minn. 185, 139 N. W. 485; *No. Ass. Co. v. Detroit,* 176 Mich. 80, 141 N. W. 909; *Bowen v. Moeller,* 171 Mich. 548, 137 N. W. 245; *Economy Power Co. v. Daskam,* 174 Mich. 402, 140 N. W. 466.

The sole question for decision in *Barnes v. Moragne,* 145 Ala. 313, 41 South. 947, was whether the general revenue act of 1903, by repealing the express provision for the taxation of solvent credits, had the effect of exempting solvent credits from ad valorem taxes, and the conclusion of the court in that case cannot be construed against the constitutionality of the present acts levying a tax on solvent creditors.—*Hooper v. State,* 141 Ala. 111, 37 South. 662; *State v. Sellers & Orum,* 151 Ala. 557, 44 South. 548; *Cohens v. Virginia,* 6 Wheat. 399, 5 L. Ed. 257; *Southern Ry. v. St. Clair County,* 124 Ala. 504, 27 South. 23; *Maguire v. Board of Revenue,* 71 Ala. 401.

The readoption of an act, immediately following its construction by the courts, evinces a clear intention on part of the Legislature that effect shall be given to the laws; and the legislative purpose should not be annulled unless there is some constitutional inhibition which clearly and decisively forbids the provision.— *State v. Birmingham Southern R. Co.,* 62 South. 77, 82; *State ex rel. Meyer v. Greene,* 154 Ala. 249, 46 South. 268; *City of Ensley v. Simpson,* 166 Ala. 366, 52 South. 61; *Moog v. Randolph,* 77 Ala. 597.

Even if a classification were declared unconstitutional which taxes all credits on an ad valorem basis, and exempts credits secured by recorded mortgages from ad valorem taxation, the result would be that the exemption would fail, rather than the system from which an

[The State v. Alabama Fuel & Iron Co.]

item is unconstitutionally excepted.—*State Bank v. Board of Revenue*, 91 Ala. 217, 8 South. 852; *Mefford v. City of Sheffield*, 148 Ala. 539, 41 South. 970; *State v. Street*, 117 Ala. 203, 23 South. 807; *State v. Stonewall Ins. Co.*, 89 Ala. 335, 7 South. 753; *State v. Kidd*, 125 Ala. 413, 28 South. 480; *Moog v. Randolph*, 77 Ala. 597; *Fox's Appeal*, 112 Pa. 337, 4 Atl. 149; *Montgomery v. Royal Exchange Assessment Corporation*, 5 Ala. App. 318, 59 South. 508; *Maguire v. Board*, 71 Ala. 401; *Kidd v. Alabama*, 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 669; *State v. Kidd*, 125 Ala. 413, 28 South. 480; *McIver v. Robinson*, 53 Ala. 456.

PERCY, BENNERS & BURR, TILLMAN, BRADLEY & MORROW, RICHARD V. EVANS, P. P. WALLROP, and E. C. HARRIS, for appellee. A. (a) "All taxes levied on property in this state shall be assessed in exact proportion to the value of such property. * * *" "The property of private corporations, associations, and individuals of this state shall forever be taxed at the same rate * * *"—Constitution of Alabama, sections 211 and 217.

1. The Legislature has the power to select the subjects of taxation and constitutionally classify them, but when a species of property is selected by the Legislature for taxation, all property of this species must be taxed uniformly and equally.—Constitution of Ala. §§ 211, 217; *Barnes v. Moragne*, 145 Ala. 313, 41 South. 947; *W. U. Telegraph Co. v. State*, 80 Ala. 280, 60 Am. Rep. 99; *State Bank v. Board of Revenue*, 91 Ala. 217, 8 South. 852. See, also, authorities cited "(a) 6."

2. Subject to the Constitution the Legislature alone has the exclusive power to levy taxes. The courts have no power to levy taxes, and no taxes of any kind can be levied upon a citizen save in pursuance of a positive law, and in accordance with its provisions.—36 Cyc. p.

[The State v. Alabama Fuel & Iron Co.]

724; *State v. State Board*, 73 Ala 65; *Pollard v. Zuber*, 65 Ala. 628; *Auditor v. Jackson County*, 65 Ala. 142; *Maguire v. Road Coms.*, 71 Ala. 401; *Swann v. State*, 77 Ala. 548; *Neary v. Philadelphia*, 7 Houst. (Del.) 419, 9 Atl. 405.

3. Whenever the Legislature levies a tax on property, the rate must be in exact proportion to the value of such property; and whenever a tax is imposed on any species of property, all property belonging to that species must be taxed at the same rate.—Constitution of Ala. §§ 211, 217; 37 Cyc. p. 736; *State Bank v. Board of Revenue*, 91 Ala. 217, 8 South. 852; *W. U. Telegraph Co. v. State Board*, 80 Ala. 273, 60 Am. Rep. 99; *Moog v. Randolph*, 77 Ala. 597, 604; *Barnes v. Moragne*, 145 Ala. 313, 41 South. 947. See, also, authorities cited in "(a) 6."

4. Property selected for taxation is constitutionally classified only when the tax is levied equally and uniformly on all subjects of the same class and kind. See, also, authorities cited in "(a) 6."

5. A classification of property for taxation, to be constitutional, must be based upon natural reasons, and not arbitrary or capricious ones—upon reasons which naturally inhere in the subject-matter so as to produce no distinction between members of the same class. See, also, authorities cited in "(a) 6."

6. A statute which levies an ad valorem tax on a well-defined species of taxable property, but excepts therefrom those members of the species paying a nominal privilege tax, is an arbitrary classification, and in violation of the constitutional rule of uniformity, and void.—Constitution of Alabama, §§ 211, 217; Cooley on Cons. Lim. (5th Ed.) p. 638; 37 Cyc. pp. 736, 742, 746; *Barnes v. Moragne*, 145 Ala. 313, 41 South. 947; *Hooper v. State*, 141 Ala. 111, 37 South. 662; *W. U. Telegraph*

*Co. v. State Board,* 80 Ala. 273, 60 Am. Rep. 99; *State Bank v. Board of Revenue,* 91 Ala. 217, 8 South. 852; *Mayo v. Stonewall Ins. Co.,* 53 Ala. 570; *Phoenix Ins. Co. v. Fire Dept. of Montgomery,* 117 Ala. 631, 23 South. 843, 42 L. R. A. 468; *Moog v. Randolph,* 77 Ala. 597; *Auditor v. Jackson,* 65 Ala. 142; *State v. Sellers,* 151 Ala. 557, 44 South. 548; *State v. Birmingham, So. Ry.,* 62 South. 77; *City of Montgomery v. Kelly,* 142 Ala. 552, 38 South. 67, 70 L. R. A. 209; *United New Jersey R. R. v. Parker,* 75 N. J. Law, 771, 69 Atl. 239; *In re Page,* 60 Kan. 842, 58 aPc. 478, 47 L. R. A. 68; *Wright v. So. Bell Telephone Co.,* 127 Ga. 227, 56 S. E. 116; *Clerk v. Maher,* 34 Mont. 391, 87 Pac. 272; *Hamilton v. Wilson,* 61 Kan. 511, 59 Pac. 1069, 48 L. R. A. 238; *State v. Canada Cattle Car Co.,* 85 Minn. 459, 89 N. W. 66; *Hawkeye Ins. Co. v. French,* 109 Iowa, 585, 80 N. W. 660; *Amer. Refrigerator Trans. Co. v. Thomas,* 28 Colo. 119, 63 Pac. 410; *George Schuster & Co. v. City of Louisville,* 124 Ky. 189, 89 S. W. 689; *Adams v. Miss. State Bank,* 75 Miss. 701, 23 South. 395; *Board of Coms. of Johnson County v. Johnson,* 173 Ind. 76, 89 N. E. 590; *In re. Keeney's Estate,* 194 N. Y. 281, 87 N. E. 428; *In re. Opinion of Justices,* 195 Mass. 607, 84 N. E. 499; *In re. Opinion of Justices,* 76 N. H. 588, 79 Atl. 31; *People ex rel. Farrington v. Mensching,* 187 N. Y. 8, 79 N. E. 884, 10 L. R. A. (N. S.) 625, 10 Ann. Cas. 101.

7.   Invidious exemptions or discriminations are violative of the equality right of the citizens, as well as the Constitution.   See authorities cited supra in "(a) 6."

8.   To single out a part of a well-defined species of property either for special favors, or for discrimination, is in violation of the Constitution.   See authorities cited supra in "(a) 6."

9.   Taxation is not uniform when it applies only to a portion of a well-defined species of property.—*Board*

*of. Coms. v. Johnston,* 173 Ind. 76, 89 N. E. 594. See authorities cited supra in "(a) 6."

(b) A solemn adjudication of a court of final jurisdiction upon a question of constitutional law involving the rights and financial interests of the entire citizenship of a state, and on which contracts have been made and credit extended, cannot be disturbed, unless for cogent reasons and upon the clearest convictions of error.— *Hart v. Floyd,* 54 Ala. 34; *Lombard v. Lombard,* 57 Miss. 171; *Snider v. Burks,* 84 Ala. 53, 4 South. 225; *Morton v. N. O. & S. Ry. Co.,* 79 Atl. 616.

1. The rule of stare decisis applies with peculiar force to decisions affecting taxation.—*Welch v. City of Boston,* 211 Mass. 178, 97 N. E. 893; *Commonwealth v. Nat'l Oil Co.,* 157 Pa. 516, 27 Atl. 374. See authorities supra in "(b)."

2. The rule of stare decisis applies with the greatest force to constitutional questions, because of their extreme importance.—*Bogard v. State,* (Tex. Cr. App.) 55 S. W. 494; *State v. Frear,* 142 Wis. 320, 125 N. W. 961, 20 Ann. Cas. 633; *In re. City of Seattle,* 62 Wash. 218, 113 Pac. 762; *Amoskeag Mfg. Co. v. Goodale,* 62 N. H. 66; *Commonwealth v. Nat'l Oil Co.,* 157 Pa. 516, 27 Atl. 374; *Moore M. C. Co. v. Indianapolis N. C. & T. Ry. Co.,* 179 Ind. 356, 101 N. E. 296, 44 L. R. A. (N. S.) 816.

3. The rule of stare decisis obtains, although the court may be of the opinion that a former decision is founded upon an erroneous principle.—11 Cyc. p. 755.

B. (a) When a statute provides a comprehensive scheme of taxation and the parts are interdependent, the whole statute must fail if one provision is unconstitutional.—36 Cyc. p. 982; *Williams v. Park,* 72 N. H. 305, 56 Atl. 463, 64 L. R. A. 33; *Angell v. Cass Co.,* 11 N. D. 265, 91 N. W. 74; *Pollock v. F. L. & T. Co.,* 158

U. S. 601, 15 Sup. Ct. 912, 39 L. Ed. 1108; *Campbell v. Bryant,* 104 Va. 509, 52 S. E. 638.

(b) A proviso in a statute is a limitation or exception to a grant made or authority conferred, the effect of which is to declare that the one shall not operate, or the other be exercised, unless in the case provided. It is generally intended to restrain the enacting clause and to except something which would otherwise have been within it.—36 Cyc. p. 1161; *Carroll v. State,* 58 Ala. 396; *Ex parte Lusk,* 82 Ala. 519, 2 South. 140; *Pearce v. Bank of Mobile,* 33 Ala. 693.

(c) An exception in a statute differs from a proviso, in that the exception excepts something absolutely from the operation of the statute by express words in the enacting clause.—36 Cyc. pp. 11, 63, 64 (cases cited subdivision 66); *Campbell v. Jackman,* 140 Iowa, 475, 118 N. W. 755, 27 L. R. A. (N. S.) 288; *Rowell v. Janvrin,* 151 N. Y. 60, 45 N. E. 398; *Pabst Brewing Co. v. Milwaukee,* 148 Wis. 582, 133 N. W. 1112.

(d) The re-enactment of a portion of an act in the language contained in the previous enactment, which language had previously been construed by the highest court of jurisdiction, operates as an adoption by the Legislature of the construction theretofore imposed by the court on the language re-enacted.

(e) Where a statute has been construed by the highest court of jurisdiction, and the construction placed upon the statute by such court has been generally acquiesced in by the executive officers of the state, the legal profession, and the people for many years, and millions of dollars have been invested on the faith of such construction by the court and the acquiescence of the executive officers, such construction becomes a rule of property.—36 Cyc. pp. 1139, 1140; *Musgrove v. Baltimore & Ohio,* 111 Md. 629, 75 Atl. 249; *State v. Harris,* 51 La.

Ann. 1105, 26 South. 63; *State v. Nashville B. B. C.*, 127 Tenn. 292, 154 S. W. 1154, Ann. aCs. 1914B, 1243; *Van Veen v. Graham County*, 13 Ariz. 167, 108 Pac. 252; *United States v. A. G. S. R. R. Co.*, 142 U. S. 615, 12 Sup. Ct. 306, 35 L. Ed. 1134; *Howell v. State*, 71 Ga. 224, 51 Am. Rep. 262.

C. (a) The situs for taxation of solvent credits of a foreign corporation is at the domicile of the corporation, unless otherwise fixed by statute.—37 Cyc. 745, 801-806, 955; *Boyd v. Selma*, 96 Ala. 144, 11 South. 393, 16 L. R. A. 729; *State v. Kidd*, 125 Ala. 413, 28 South. 480; *Common Council of Detroit v. Board*, 91 Mich. 78, 51 N. W. 787, 16 L. R. A. 59; *New Orleans v. Stempel*, 175 U. S. 309, 20 Sup. Ct. 110, 44 L. Ed. 174; *Laura Wheeler v. Wm. Sohmer*, 233 U. S. 434, 34 Sup. Ct. 607; 58 L. Ed. ——; *Walker v. Jack*, 88 Fed. 576, 31 C. C. A. 462; *Board of Councilmen v. Fidelity T. & S. Co.*, 111 Ky. 667, 64 S. W. 470; note, 62 Am. St. Rep. 430; *Life Ins. Co. v. New Orleans*, 205 U. S. 395, 27 Sup. Ct. 499, 51 L. Ed. 853; *Liverpool Ins. Co. v. Orleans Assessors*, 221 U. S. 346, 31 Sup. Ct. 550, 55 L. Ed. 762.

(b) The situs of a debt for the purpose of garnishment is at the domicile of the creditor.—*L. & N. R. R. Co. v. Dooley*, 78 Ala. 525; *A. G. S. R. R. Co. v. Chumley*, 92 Ala. 317, 9 South. 286; *L. & N. R. R. Co. v. Nash*, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181; *L. & N. R. R. Co. v. Steiner & Lobman*, 128 Ala. 355, 30 South. 741; *Shuttleworth v. Marx*, 159 Ala. 418, 49 South. 83; *Planters' Chemical & Oil Co. v. Waller & Co.*, 160 Ala. 217, 49 South. 89, 135 Am. St. Rep. 93.

DE GRAFFENRIED, J.—We preface this opinion with the following excerpt from *Ex parte Bozeman*, 183 Ala. 91, 63 South. 201: "It is one of the cardinal rules governing the construction of statutes that, when the

question as to whether a particular statute is or is not constitutional is reasonably in doubt, then the doubt should be resolved in favor of the constitutionality of the act.—*Lovejoy v. City of Montgomery,* 61 South. 597; *State ex rel. City of Mobile v. Board, etc., Commissioners,* 180 Ala. 489, 61 South. 368. The reason for the above rule is that the Legislature which passed the act is presumed to have sat in judgment, while the act was before it upon the question as to whether the Legislature possessed the constitutional power to make such a law. That body passed the act, the law presumes that the judgment of the Legislature was that the act was constitutional. This judgment of the Legislature, while not conclusive upon the courts, is entitled to, and under the above rule must receive, great weight at the hands of the courts. It is a solemn thing for a court to strike down a statute, and, when it does so, its reason therefor should be clear and strong and should lead to the irresistible conclusion that the act is invalid."

In the case of *Davis v. State,* 68 Ala. 58, 44 Am. Rep. 128, this court said: "The Legislature has a power which is so transcendent that it cannot be confined within any bounds, either for causes or persons, except such as are written in the organic law."

From the case of *State v. Board of Revenue and Road Commissioners,* 180 Ala. 489, 61 South. 368, we quote the following: "He who assails a statute on the ground that it is unconstitutional assumes the burden of vindicating his position beyond a reasonable doubt."

We refer to the above cases for the purpose of directing attention to the fact that this court has at all times refused to exercise itself about the policy or wisdom of a statute so long as it rests within the scope of legislative authority under the state and federal Constitu-

tions, and that, when a statute is attacked upon consti-
tutional grounds, all reasonable intendments will be
resolved in favor of its validity.—*State ex rel. Meyer
v. Greene,* 154 Ala. 254, 46 South. 268; *State v. Board of
Revenue and Road Commissioners, supra.*

1. Section 211 of the Constitution of the state is as
follows: "All taxes levied on property in this state shall
be assessed in exact proportion to the value of such prop-
erty, but no tax shall be assessed upon any debt for rent
or hire of real or personal property, while owned by the
landlord or hirer during the current year of such rental
or hire, if such real or personal property be assessed at
its full value."

Section 217 of the Constitution provides that: "The
property of private corporations, associations, and indi-
viduals of this state shall forever be taxed at the same
rate," etc.

The present revenue law requires, as the prerequisite
to the recordation in the probate office of a mortgage,
deed of trust, or written contract of conditional sale,
the preyament of a privilege tax of 15 cents for each
$100 or fraction thereof of indebtedness secured by such
mortgage, deed of trust, or written contract of condi-
tional sale, and then declares that there shall be no ad
valorem tax collected upon any such instrument, or the
debt secured thereby, which shall have paid said privi-
lege tax. The revenue bill, however, levies an ad valorem
tax upon "all money lent, solvent credits, or credits of
value except such as are secured by mortgage, deed of
trust, or written contract of conditional sale, upon which
a tax imposed by law has been paid."

It is contended by appellee, and the trial court so
held, that the Legislature has not the authority, under
the above-quoted constitutional provisions, to impose
an ad valorem tax upon "all money lent, solvent credits,

and credits of value," and lawfully exempt from such ad valorem tax "money lent, solvent credits, and credits of value," when secured by a recorded mortgage, deed of trust, or written contract of conditional sale. The proposition which appellee announces on this subject was succinctly stated in a dictum in *Barnes v. Moragne,* 145 Ala. 313, 41 South. 947, and which is in the following language: "It will not be doubted that the Legislature in the exercise of its authority or power to classify the subjects of taxation, may exempt 'all moneyed capital (that is, money lent, solvent credits, and other credits of value), from an ad valorem tax. These subjects may be well classified as one, but it would be an arbitrary and unjust classification to subject that species of solvent credits which are not secured by recorded instruments to a property tax and exempt those secured by recorded instruments. This, in our opinion, as said above, cannot be constitutionally done."

It is undoubtedly true that a debt secured by a mortgage is a credit. If it is owing by a solvent party or is fully secured, it is a solvent credit. Such a solvent credit is clearly within the general definition of "solvent credits," just as a horse is within the general definition of the word "animal." There is, however, a distinct line of cleavage between debts which are secured by mortgages and debts which are not so secured. There is also a distinct line of cleavage between debts which are secured by recorded mortgages and those which are not so secured. The law recognizes the difference between debts which are evidenced by negotiable instruments and those which are not; those which are evidenced by accounts stated and those which are not; those which are evidenced by a writing and those which rest in parol. The term "solvent credits" is broad enough to cover debts which are secured and those which are unsecured; debts which

are negotiable and those which are non-negotiable; debts
which are evidenced by writings and those which rest in
parol. In other words, this term is broad enough to
cover all solvent choses in action; and yet we know that
embraced within this broad term are instruments of
many distinct classes, and that there are many text-
books written by eminent law writers which are devoted
exclusively to an eludication of the laws which govern
the distinct classes to which such instruments belong.
There are volumes which are devoted exclusively to the
discussion of the laws referable to negotiable instru-
ments, volumes which are devoted to the discussion of
the laws referable to mortgages, and volumes to the dis-
cussion of the laws pertaining to the general subject of
bills and notes. Debts secured by recorded mortgages,
deeds of trust, and written contracts of conditional sale
are necessarily in a class to themselves. The recordation
of the instruments securing them places them in that
class. Indeed, many of the decisions of courts of last
resort and many of the statutes of our various states
are devoted exclusively to declaring the rights, privi-
leges and liabilities of the holders of this class of securi-
ties.

2. We have nothing to do, as we have already said,
with the wisdom or policy of the Legislature in passing
this law. Money is a bird of passage, and it usually
finds a resting place at those points where it feels as-
sured of safety. The unpopularity of the tax gatherer
is proverbial, and the disposition to regard taxes as a
burden is inherent. The efforts of the state to attract
foreign capital find expression in many of our statutes,
and it may be that the Legislature, for the purpose of
inducing the holders of such capital to readily lend their
money to such of our citizens as desire it and to induce
those of our citizens who have been accustomed to adopt

methods of escaping taxation to place their money in the hands of those who are willing to use it in their business, adopted this privilege tax with its accompanying exemption in subservience to a wise public policy. Indeed, the history of the state, since the adoption of the statute, has indicated that the reasons which actuated the Legislature in adopting the act were good and sufficient . To use the language of the Supreme Court of Minnesota :

"It is a notorious fact that the owners of securities in the form of bonds and notes have not been in the habit of paying their proportionate share of the taxes. This has been due in a measure to the ease with which the existence of such property can be concealed from the tax officials. But when the owner of a note takes a mortgage on real estate as security, and places it upon the public records, he exposes his ownership—at least, his obstensible ownership—and enables the assessor to reach him. The perfect security afforded by a good real estate mortgage makes it necessary for the owner to accept a low rate of interest, and the adequate net returns, after paying taxes in the ordinary way, often result in practical confiscation. The owner is thus tempted to seek some devious method for escaping taxation, in order that he may be on an equality with the owner of an unsecured note or bond, which rests undiscovered in a safety deposit vault. The mortgage is therefore taken in the name of a non-resident, or the money is sent to another state, and there loaned in the name of the true owner. Experience has shown that it is very difficult, if not impossible, to fairly and successfully tax this kind of property under the system ordinarly applied to personal property. This practical difficulty alone furnishes a basis for a classification, and justifies the Legislature in devising a special method for the taxation of

the subjects of that class. To a certain extent the method provided in the statute under consideration recognizes the justice of the claim that taxing mortgages according to the ordinary methods results in inequality and injustice, and constitutes a constant temptation to fraud, whereby the honest and the innocent are made to suffer. By requiring a registration tax, every mortgage security pays a moderate tax, and this, in the judgment of the Legislature, is preferable to the certain uncertainties of the old system."—*Mutual, etc., Co. v. Martin, Co.,* 116 N. W. 572, 573, 574.

3. Recorded mortgages, deeds of trust, and written contracts evidencing conditional sales are exempt from taxation in the state. These instruments are required to pay for the privilege of being recorded, and they cannot be recorded without paying for the privilege. That the state has the right to exact this toll for the privilege is questioned by no one. That the state has the right to exempt all property of a particular kind from taxation is a proposition which is too firmly fixed in the jurisprudence of the state to now admit of question. What our Constitution requires is that: "Whenever the Legislature levies a tax on property, the rate must be in exact proportion to the value of such property; and that, if a tax is imposed on any species of property, all property belonging to that species must be taxed at the same rate, whether it belongs to an individual, an association of persons, or to a private corporation."—*State Bank v. Board of Revenue,* 91 Ala. 217, 8 South. 852.

"The purpose and scope of this constitutional limitation upon the taxing power has been frequently considered by this court, and the substance of our decisions is that it was designed to secure uniformity and equality by the enforcement of an ad valorem system of taxation and to prohibit arbitrary or capricious modes of taxation

without regard to value.—*Moog v. Randolph*, 77 Ala. 597, 602; *W. U. Telegraph Co. v. State Board, etc.*, 80 Ala. 273, 275, 60 Am. Rep. 99; *Assessment Board v. A. & C. R. R. Co.*, 59 Ala. 551; *Mayor of Mobile v. Stonewall Insurance Co.*, 53 Ala. 570. This does not mean that all property must be taxed.—*Moog v. Randolph, supra; State Bank v. Board of Revenue*, 91 Ala. 217, 223, 8 South. 852. Nor does it prohibit exemptions from taxation or such classification of property as are not purely arbitrary, capricious, or without the semblance of reason."—*State v. Birmingham Southern R. R. Co.*, 182 Ala. 475, 62 South. 77.

"The paramount difficulty is as to when the courts can properly interpose to declare a statute void, because of its taxing a particular class of property, upon a principle which seems to violate the rule of relative uniformity designed by the Constitution. 'It is only when statutes are passed,' says Bigelow, C. J., in *Commonwealth v. Savings Bank*, 5 Allen [Mass.] 436, 'which impose taxes on false and unjust principles, or operate to produce gross inequality, so that they cannot be deemed, in any just sense, proportional in their effect on those who are to bear the public charges, that courts can interpose and arrest the course of legislation by declaring such enactments void.' This proposition, in my opinion, is correct, in a modified sense; but there can be no excuse for the interference of the courts, unless this inequality— whether manifest by a system of exemptions or classifications—is not only oppressive in its operation, but is so glaring as that it can be judicially declared to be founded on arbitrary and capricious principles, without the just semblance of reason. In such a case, the system would cease to be taxation, and become governmental spoliation, thus trespassing on the boundary line of eminent domain, which is a right that

cannot be exercised under the provisions of our Constitution, without first paying to the citizen a just compensation for his property taken by the state.—*New Orleans & Selma R. R. Co. v. Jones*, 68 Ala. 48. No law can be upheld which carries on its face the patent fact that its intention was confiscation under the guise of taxation.—Cooley on Tax. 128. Where the precise line of distinction exists, is often a question of great complexity and of difficult solution. Neither any fixed rule of reason nor the authorities furnish us any definite or clearly defined principle upon which to settle an accurate rule for all cases.—*S. & N. Railroad Co. v. Morris*, 65 Ala. 193; *State v. Indianapolis*, 69 Ind. 375, 35 Am. Rep. 223; *Knowlton v. Supervisors*, 9 Wis. 410; Burroughs on Tax. p. 32, § 34; *Wells v. City of Weston*, 22 Me. 385, 66 Am. Dec. 627; *State v. Fosdick*, 21 La. Ann. 434; *In Matter of Town of Flatbush*, 60 N. Y. 398; *State v. Ogden*, 10 La. Ann. 402. Subject to the above limitation, I do not see how the courts can circumscribe the legislative power to select the proper subjects of taxation, and to classify them upon principles which to them seem just. There must, of necessity, be left a liberal scope for the free exercise of this presumably wise discretion. It is said by Judge Cooley, in his work on Constitutional Limitations: 'The constitutional requirement of equality and uniformity only extends to such subjects of taxation as the Legislature shall determine to be properly subject to the burden. The power to determine the persons and the objects to be taxed is trusted exclusively to the legislative department; but over all these objects the burden must be spread, or it will be unequal and unlawful as to such as are selected to make the payment.'—Coooley, Const. Lim. (5th Ed.) p. 638 (515)."—*Moog v. Randolph*, 77 Ala. 597, 603. 604.

It seems unnecessary for us to pursue this subject further. It seems plain that this statute is constitu-

tional. To use the language of the Supreme Court of the United States in *Farmers' & Mechanics' Savings Bank v. State of Minnesota,* 232 U. S. 516, 34 Sup. Ct. 354, 58 L. Ed. ——: "In lieu of further discussion we refer to the oft-quoted language employed by Mr. Justice Bradley, speaking for the Supreme Court of the United States in *Bell's Gap R. Co. v. Penn.,* 134 U. S. 232, 237, 10 Sup. Ct. 533, 33 L. E. 892, 895."

And, we cite, in support of the above conclusion, the following cases to which our attention has been called in briefs of counsel for appellant: *Mich. Cent. R. R. Co. v. Powers,* 201 U. S. 245, 26 Sup. Ct. 459, 50 L. Ed. 744; *N. Y. ex rel. Hatch v. Reardon,* 204 U. S. 152, 27 Sup. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736; *Louisa Kidd, as Ex'x, v. State of Alabama,* 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 669.

4. While the Legislature, in the exercise of that reasonable latitude with respect to the classification of properties for taxation, and in the exercise of its reasonable powers of exempting properties from taxation—powers which all well-considered cases concede it to possess—had the undoubted right to require a privilege tax of all mortgages, deeds of trust, and written evidences of contracts of conditional sales, for their recordation, and to exempt such recorded instruments from an ad valorem tax, the imposition by the Legislature of an ad valorem tax upon all solvent credits not included in the above classification was not only not discriminatory, but it was, in fact, an effort on the part of the Legislature to meet the letter and the spirit of our Constitution, which intends, in so far as a healthy policy will permit, equality in taxation. Success in business is not the usual attainment of the average man. While human progress, the success of commercial and industrial enterprises, the moral and intellectual development of man-

kind, and the constant trend of human effort towards the attainment of the high purposes of the future are largely dependent upon the activities and intelligence of the average man, history indicates that success in business will probably not come to him. The property of the average man is open to the eyes of him who gathers taxes for the state. If he is a farmer, his fortunte consists in his lands, his animals, and his farming utensils. If he is a merchant, it consists in his home and in the contents of his modest store. It would seem, therefore, in justice to this, the great predominating class in the state, that those who are so highly favored as to possess solvent credits, not covered by some classification which, out of respect to a policy which the Legislature has deemed wise and just, entitles them to exemption from taxation, should be required to discover them to those who assess taxes for the state and to pay an ad valorem tax on them. The law is the exponent of a square deal, and, in requiring such solvent credits to be listed for taxation, the Legislature has simply responded to the demand which the doctrine of "the equality of burden" placed upon it. This act was a legislative effort to meet the letter and the spirit of the Constitution, which the appellee, in this proceeding, claims was violated.

5. There is one case in our reports _(Barnes v. Moragne,_ 145 Ala. 313, 41 South. 947), and to which we have already referred, which contains expressions which are in direct conflict with the views above expressed.

In _Hooper v. State,_ 141 Ala. 111, 37 South. 662, this court, speaking through Haralson, J., said: "By the act of March 3, 1903, 'To provide for the revenue of the state' (Acts 1903, p. 184), said last-named act amended said subdivision 7 of section 3911 by providing for what is termed 'privilege taxes' on mortgages, deeds of trust, or instruments in the nature of a mortgage, to

[The State v. Alabama Fuel & Iron Co.]

secure the payment of any debt, and made no reference to taxation of solvent credits (Acts 1903, p. 227). Said subdivision was omitted and thereby repealed."

A careful examination of the opinion in *Hooper v. State, supra,* will show that this court; in that case expressly declared that for the tax year commencing on October 1, 1903, and ending on September 30, 1904, there was no law in this state authorizing the assessment of "all money lent, solvent credits, or credits of value, except as are secured by mortgage, deed of trust, or written .contract of conditional sale, upon which a tax imposed by law has been paid." The assessment of the solvent credit which this court had under consideration in *Barnes v. Moragne, supra,* is shown by the summary of the facts set out by the reporter and by the original record on file in this court to have been made during a period when this state levied no ad valorem taxes upon solvent credits, and when it had no law authorizing such an assessment. The statement of the court in *Barnes v. Moragne, supra,* that the act which we now have under consideration was unconstitutional was a gratuity and is, of course, to be treated as mere dictum. The opinion in *Barnes v. Moragne, supra,* cannot be accepted as an authoritative declaration by this court upon the question in hand, and, while it may have been calculated to mislead. the decision does not fall within the protection of the doctrine of stare decisis. There was no necessity or occasion for a decision of the question (the question was not presented by the facts), and for that reason the opinion on the point under discussion was not a decision by this court, within the meaning of the doctrine of stare decisis.—*In re. Woodruff,* 96 Fed. 317, 321.

6. This opinion has been prepared after the determination of this case by the full court. The case has

[The State v. Tennessee Coal, Iron & Railway Company.]

been painstakingly and carefully briefed by counsel on both sides. We have not undertaken in this opinion to review or to cite the numerous authorities to which counsel have referred us. To do so would unduly lengthen an opinion which has been arrived at after the most careful consideration by the whole court of the cases to which we have been referred and which shed light upon the questions which we have above discussed. These authorities will be perpetuated by the reporter, and a candid examination of them will, we think, demonstrate, beyond doubt, the integrity of our position.

This opinion is written simply for the purpose (without needless review or citation of authorities) of stating in a plain way the law, to the end that our officers and people may no longer be in doubt as to the obligations of the taxpayer to the state.

The rulings of the trial court were not in accordance with the above views, and the judgment of the trial court is therefore reversed, and the cause is remanded to the trial court for further proceedings in accordance with the views above expressed.

Reversed and remanded. All the Justices concur, except ANDERSON, C. J., who dissents.