MADDOX and HOUSTON, Justices
(concurring specially).
In our opinion, the provisions of § 3 of House Bill 728 do not violate Amendment No. 513 of the Constitution of Alabama of 1901, which amends § 98 of the Alabama Constitution, because of the principles by which this Court must be guided when reviewing a challenge to the constitutionality of a legislative act. See Opinion of the Justices No. 346, 665 So.2d 1357 (Ala.1995) (Maddox and Houston, JJ., dissenting). This Court must recognize that its power to strike down as violative of the Constitution a legislative act or a proposed legislative act is a delicate power that must, in all eases, be exercised with great caution. (Constitution of Alabama of 1901, §§ 42 and 43.) Chief Justice Gardner, writing for a majority of this Court in Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810 (1944), cert. dismissed, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945), described, as well as anyone has, this judicial power in terms of what should be our judicial standards of review in all such cases, as follows:
“Uniformly, the courts recognize that this power is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only *1386 limitations upon the power. Apart from limitations imposed by these fundamental charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283 [ (1939) ].
“Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are viola-tive of natural justice or in conflict with the court’s notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances for abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement that the only question for the court to decide is one of power, not of expediency or wisdom. 11 Am.Jur. pp. 799-812; A.F. of L. v. Reilly, District Court of Colorado, 7 Labor Cases No. 61,761.
“The broad doctrine as thus announced is sustained by the weight of authority, both in the Federal and the state courts. For our own State the cases of City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61 [(1909)], and State v. Ala. Fuel & Iron Co., 188 Ala. 487, 66 So. 169 [(1914)], L.R.A. 1915A, 185 Ann.Cas. 1916E, 752, furnish apt illustrations. And as for the Federal courts, reference may be made to Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 [(1911)], Ann.Cas. 1912B, 1312.
“Likewise, another principle should be kept in mind, and that is: Where the validity of a statute is assailed and there are two possible interpretations, by one of which the statute would be unconstitutional and by the other would be valid, the courts should adopt the construction which would uphold it. 11 Am.Jur. p. 725. Or, as otherwise stated, it is the duty of the courts to adopt the construction of a statute to bring it into harmony with the constitution, if its language will permit. This principle has been often recognized by our own Court. State v. Birmingham So. Ry. Co., 182 Ala. 475, 62 So. 77 [ (1913) ], Ann. Cas. 1915D, 436; Whaley v. State, 168 Ala. 152, 52 So. 941, 30 L.R.A., N.S. 499 [ (1909) ] State ex rel. Collman v. Pitts, 160 Ala. 133, 49 So. 686, 135 Am.St.Rep. 79 [ (1909) ]. It was well stated by the Supreme Court of the United States in National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 30, 57 S.Ct. 615, 621, 81 L.Ed. 893, 108 A.L.R. 1352 [ (1937) ], in the following language:
“‘The cardinal principle of statutory construction is to save and not to destroy. We have repeatedly held that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the act. Even to avoid a serious doubt the rule is the same.’
“Bearing in mind these well-recognized principles, we proceed to a consideration of the constitutional questions here presented.”
246 Ala. at 9-10, 18 So.2d at 814-15.
Does House Bill 728 “retire any officer on pay or part pay” or make “any grant to such retiring officer”? If we exercise our will and disregard our standards of review, we could hold that it does, for that is one way that House Bill 728 could be interpreted. However, if we follow our standards of review, as detailed by Chief Justice Gardner, and interpret House Bill 728 so that it will be valid, it does not, for the legislature has the plenary *1387 power to create new offices and to provide remuneration for duties performed by persons holding those offices. Whether it is proper, or wise, or necessary, or utilitarian, or expedient to enact House Bill 728 and thereby create those offices and to provide remuneration for duties performed by persons who will hold those offices, is not a judicial, but a legislative decision. The Courts have only the power to determine whether the State or Federal Constitution limits the state legislature’s plenary power to enact House Bill 728, interpreting the bill so that it will be valid, if it can be so interpreted. In our opinion, Amendment No. 513 does not prohibit the Alabama legislature from enacting House Bill 728, if it in its wisdom deems it appropriate to do so.